STATE OF NORTH CAROLINA v. WILLIAM J. WALL

No. 7012SC432

(Filed 15 July 1970)

1. **Robbery § 4; Larceny § 7— prosecutions — sufficiency of evidence**

In a prosecution of defendant for armed robbery and for larceny of an automobile, the victim's testimony (1) that the defendant pointed a gun at him while a companion removed the wallet from his pocket and (2) that the defendant and his companions then drove away in the victim's automobile, *held* sufficient to withstand defendant's motions for nonsuit.

2. **Criminal Law § 9— aiders and abettors**

One who is present aiding and abetting in a crime actually perpetrated by another is equally guilty with the actual perpetrator.

3. **Criminal Law § 115— instructions on lesser degree of crime**

The trial court, in instructing the jury on the lesser included offenses of felonious assault, did not err in instructing the jury to consider first the more serious charges and then to move to the lesser charges only if they found defendant not guilty of the more serious offenses.

APPEAL by defendant from *Hobgood, J.,* 9 March 1970 Regular Criminal Session of CUMBERLAND Superior Court.

In five bills of indictment defendant was charged with the following offenses: (1) kidnapping of Billy Mack Gregg; (2) armed robbery of Billy Mack Gregg; (3) felonious larceny of an automobile, the property of Marvin Dow; (4) armed robbery of Edward Sherry; and (5) felonious assault upon Edward Sherry with a deadly weapon with intent to kill inflicting serious injuries. All cases were consolidated for trial and defendant pleaded not guilty to all charges.

In summary, the State's evidence showed: At approximately 7:45 p.m. on 16 October 1969 defendant, in the company of two other individuals, forced Billy Mack Gregg at gunpoint to drive them around for approximately two hours. Gregg was driving an automobile which belonged to Marvin Dow. The gun involved was a .38 caliber pistol. After some two hours of driving, Gregg was ordered to leave the automobile. Defendant and his companions bound and gagged Gregg, and after Gregg's wallet was taken, placed him in a doghouse behind a filling station on U. S. Highway #301 south of Fayetteville. The vehicle was then driven

away. At approximately 10:30 p.m. on the same evening, Edward Sherry, the night attendant at Edward's Gulf Service Station on Fort Bragg Boulevard, was approached by defendant and another man. Defendant stepped in front of Sherry with a pistol in his hand and told Sherry this was a stickup and Sherry had three seconds to open the cash register. Sherry took one step toward the cash register and defendant shot him in the forehead. As Sherry lay on the floor semiconscious, he heard the cash register ring and footsteps leaving. After the robbery, $117.00 was missing from the cash register.

Defendant took the stand and denied being in Fayetteville on the night of 16 October 1969. He testified he was on duty at Fort Bragg on that evening, serving as CQ runner, and had never left the battalion area. The State introduced evidence in rebuttal.

The jury found defendant guilty of kidnapping Billy Mack Gregg, common-law robbery of Billy Mack Gregg, felonious larceny of the automobile, armed robbery of Edward Sherry, and assault with a deadly weapon inflicting serious injury on Edward Sherry. From judgment imposing prison sentences in all cases, defendant appealed.

*Attorney General Robert Morgan and Staff Attorney Donald M. Jacobs for the State.*

*MacRae, Cobb, MacRae & Henley, by James C. MacRae for defendant appellant.*

PARKER, J.

[1, 2] Appellant assigns as error the refusal of the court to grant his motions for nonsuit on the charges of armed robbery of Gregg and larceny of the Dow automobile. He contends nonsuit was proper in these two cases since there was no evidence that it was the defendant who took the wallet from Gregg's pocket and insufficient evidence that Gregg drove away in the Dow automobile. There is no merit in these contentions.

Gregg, appearing as a witness for the State, after testifying as to the kidnapping and as to being bound and gagged, testified: "Someone took my wallet from my pocket, then they shoved me into a little doghouse and pushed it against the station. During this the defendant was standing there with a gun pointed at me."

One who stands holding a gun pointed at the victim while another removes a wallet from the victim's pocket is in no position to contend he didn't know the wallet was being stolen. From the evidence the jury was justified in finding to the contrary. From the evidence the jury was also fully justified in finding that defendant joined his two companions in driving away in the Dow automobile. "It is well settled that one who is present, aiding and abetting in a crime actually perpetrated by another, is equally guilty with the actual perpetrator." *State v. Garnett,* 4 N.C. App. 367, 167 S.E. 2d 63.

[3] The only other assignment of error brought forward in appellant's brief relates to the felonious assault case. Appellant contends that the court erred in instructing the jury in that case in that the court, while instructing the jury on the lesser included offenses, instructed them to consider first the more serious charges and then to move to the lesser charges only if they found defendant not guilty of the more serious offenses. Appellant argues that the jury should have the unbridled right to consider each offense separately and in any order they see fit. No authority is cited for this position and reason does not support it. There is no merit to this assignment of error.

Appellant has had a fair trial before an able and experienced trial judge. In the record before us we find

No error.

MALLARD, C. J., and HEDRICK, J., concur.