State v. Barksdale

STATE OF NORTH CAROLINA v. WILLIE J. BARKSDALE

No. 7228SC583

(Filed 22 November 1972)

1. Robbery § 2— common law robbery — attempted common law rob-
bery — punishable as felony

Common law robbery or attempted common law robbery when
aggravated by the use or threatened use of a firearm or other danger-
ous weapon is a felony punishable in accordance with the provisions
of G.S. 14-87.

2. Robbery § 5— conviction for attempted armed robbery and lesser in-
cluded offense — error

The trial court erred in allowing the jury to convict defendant of
attempted armed robbery and of aiding and abetting in common law
robbery, a lesser included offense of armed robbery.

3. Criminal Law § 115; Robbery § 5— guilt of lesser degree of crime —
alternative finding

The question of guilt of a lesser included offense must be sub-
mitted as an alternative to a finding of guilt of a greater offense, not
as an additional offense.

4. Robbery § 2— indictment for armed robbery — conviction for one
offense only

A bill of indictment for armed robbery can support a conviction
of attempted armed robbery or common law robbery, but not both
for the same conduct.

5. Robbery § 5— armed robbery — submission of possible verdicts to jury

Where the uncontradicted evidence showed that defendant in an
attempted robbery accosted a gas station attendant with a shotgun
outside the station while defendant's accomplice assaulted an attend-
ant inside the station and accomplished the robbery, the jury would
be justified in finding defendant guilty only of armed robbery or
attempted armed robbery, or not guilty.

APPEAL by defendant from *Thornburg, Judge,* 13 March
1972 Session of Superior Court held in BUNCOMBE County.

Defendant was charged in a bill of indictment with armed
robbery in violation of G.S. 14-87. The State's evidence tended
to show the following: That on 2 January 1972 at about 11:00
p.m. William Walker and Fred Vaughn, employees of Smile
Oil Company Service Station in Asheville, North Carolina, were
preparing to close the station for the night; that Vaughn was
inside the station building counting the day's money, and that
Walker was outside engaged in routine closing operations; that

while outside, Walker was approached by defendant, who stuck a single-barrel shotgun in his side, and demanded "Give me that money"; that Walker grabbed the barrel of the gun; that defendant continued to ask for the money, and Walker told him the money was inside; that Walker backed up toward the station door, still holding the shotgun barrel that defendant nudged and aimed at him; that as defendant and Walker approached the station door, Walker, his back to the door, heard the station door open and heard a man run out; that defendant then jerked the barrel of the shotgun from Walker's grasp and ran in the direction taken by the man who ran out of the station; that inside the station Vaughn had been assaulted by one Otis Abney who took most of the day's money and ran out of the door.

The Court instructed the jury that they could find defendant guilty or not guilty of attempted armed robbery, and also guilty or not guilty of common law robbery by aiding and abetting Otis Abney. The jury returned a verdict of guilty of attempted armed robbery and guilty of common law robbery. Defendant appealed.

*Attorney General Morgan, by Assistant Attorney General Jones, for the State.*

*George W. Moore for defendant.*

BROCK, Judge.

Defendant assigns as error the court's instruction to the jury that " . . . regardless of how you find the defendant, whether you find him guilty or not guilty of attempted armed robbery, you will consider whether or not he is guilty of aiding and abetting in the crime of common law robbery." This instruction allowed the jury to find defendant guilty of both attempted armed robbery and common law robbery. One who aids and abets another in the commission of a crime is equally guilty with the actual perpetrator. *State v. Wall,* 9 N.C. App. 22, 175 S.E. 2d 310.

[1] G.S. 14-87 specifically provides that: "Any person . . . (who) with the use or threatened use of any firearms . . . unlawfully takes or *attempts* to take personal property from another . . . shall be guilty of a felony . . . " punishable by imprisonment from 5-30 years. (Emphasis added.) Our courts have held that this statute creates no new offense, but merely

provides for more severe punishment for the commission, or attempt to commit, common law robbery when that offense is committed or attempted with the use or threatened use of firearms or other dangerous weapons. *State v. Smith,* 268 N.C. 167, 150 S.E. 2d 194. Common law robbery or attempted common law robbery, therefore, when aggravated by the use or threatened use of a firearm or other dangerous weapon is a felony punishable in accordance with the provisions of G.S. 14-87.

[2]   Defendant was charged in a bill of indictment with armed robbery. The jury was instructed it could find defendant guilty or not guilty of both attempted armed robbery and aiding and abetting in common law robbery. G.S. 15-170 provides in part: "Upon the trial of any indictment the prisoner may be convicted of the crime charged therein or of a less degree of the same crime. . . . " However, in addition to attempted armed robbery, the jury was allowed to convict defendant of aiding and abetting in common law robbery, a lesser included offense of armed robbery. We hold this to be error.

[3]   When justified by the evidence, in a trial based on an indictment for armed robbery, the question of guilt of common law robbery is properly submitted to the jury, because it is a lesser included offense of armed robbery. *State v. Bailey,* 278 N.C. 80, 178 S.E. 2d 809. However, the question of guilt of a lesser included offense must be submitted as an alternative to a finding of guilt of a greater offense, not as an additional offense. It is anomalous that defendant was convicted of both an attempt to commit common law robbery (aggravated by the use of firearms) and common law robbery for the same conduct. It would seem that defendant either robbed his victim or just attempted to rob him, but not both. Whether a firearm was used would constitute an aggravation of either offense, but it would not constitute an additional offense.

[4]   A bill of indictment for armed robbery can support a conviction of attempted armed robbery or common law robbery, but not both for the same conduct. *See State v. Hatcher,* 277 N.C. 380, 177 S.E. 2d 892.

[5]   It seems that the trial judge viewed the conduct of defendant on the outside of the station and that of Otis Abney, defendant's alleged accomplice, on the inside of the station as two distinct offenses. However, it appears clear that defendant

and his accomplice were there to rob whoever the attendants of the station might be. While defendant was outside the station undertaking to get the money by the threatened use of a firearm on one attendant, his accomplice succeeded in getting the money by assaulting the other attendant on the inside of the building. In our view, this constitutes a single transaction, and, under the uncontradicted evidence, defendant could be found guilty only of armed robbery or attempted armed robbery. There is no evidence that defendant participated in the event other than with the use of the shotgun. The only evidence from which it can be argued that defendant aided and abetted his accomplice in common law robbery was the evidence of defendant's participation in the event with the threatened use of the shotgun. From this uncontradicted evidence the jury would be justified in finding defendant guilty only of armed robbery or attempted armed robbery, or not guilty.

We have examined defendant's other assignments of error and find no prejudicial error.

The verdict of guilty of common law robbery is vacated and the judgment rendered thereon is arrested.

No error in the trial, conviction, and judgment for attempted armed robbery.

Chief Judge MALLARD and Judge BRITT concur.