STATE OF NORTH CAROLINA v. GENE ALSTON EVANS

No. 7310SC728

(Filed 14 November 1973)

1. Assault and Battery § 8— self-defense — apparent danger
　　The right of self-defense does not necessarily depend upon real or actual danger but may arise from apparent danger.

2. **Assault and Battery § 15— refusal to instruct on self-defense — error**

In this prosecution for discharging a firearm into an occupied vehicle, the trial court erred in refusing to instruct the jury on self-defense where defendant presented evidence tending to show that the defendant was told that the victim was looking for him and had a pistol, that defendant saw the victim parked across the street from defendant's house with a pistol on the seat beside him, that the victim left and defendant saw him return to the scene with a shotgun or rifle, and that defendant was afraid and fired a rifle at the victim's vehicle to make him leave.

APPEAL by defendant from *Godwin, Judge,* 18 June 1973 Session of Superior Court held in WAKE County.

Defendant was charged in a bill of indictment, proper in form, with the felony of discharging a firearm into an occupied vehicle in violation of G.S. 14-34.1. He pleaded not guilty.

The State's evidence tended to show the following: On 3 June 1972 one Eddie Watson was driving down Davie Street, in the city of Raleigh, in his 1950 Chevrolet pickup truck at which time he saw defendant sitting on the porch of a house on Davie Street. Defendant owed Watson some money so Watson decided to ask defendant about the money. Watson stopped his truck across the street from defendant. Defendant called out and asked if Watson was looking for him. Watson answered that he wanted to see him whereupon defendant started shooting. Watson immediately drove away but decided that defendant was not angry with him and did not shoot at him; therefore, he was going back and talk to him. As Watson approached the area in which he had seen defendant, defendant raised up from behind a bush and fired a rifle at Watson. Watson stopped his truck and defendant fired the rifle again, striking the truck. Watson backed away from the area and returned home.

The defendant's evidence tended to show the following: Watson gave defendant $45.00 to get Watson an eight-track tape player and some tape cartridges. Defendant spent the money on drugs and did not secure the items requested by Watson. On the day of the alleged offense in this case, Watson went to defendant's home where he talked with defendant's cousins. Watson stated to them that he was looking for defendant because they had a little "run-in." Watson said he had something for defendant and showed them a pistol. Later, defendant arrived home and someone told him Watson had a pistol and was looking for him to hurt him. Defendant saw Watson sitting

in his car across the street from defendant's house. Defendant went on his porch and called to Watson. "I hollered loud enough for him to hear and I asked him was he looking for me. He said yes, told me to come over there . . . I was just about to start over there and I seen this nickel-plated pistol on the seat and he was sliding it to him." Defendant pulled his own pistol and started firing it into the air because he was afraid. Watson drove away. In about five minutes Watson drove back towards defendant's house, and stopped. Defendant saw a rifle or shotgun standing in Watson's truck. Defendant ran next door, secured a .22 caliber rifle from his uncle and ran back to the front of his house. He stopped behind a bush and fired at Watson's truck to keep him from getting out. Defendant told Watson to get away because he was scared of him. Watson did not move or say anything so defendant fired at Watson's radiator again. Watson backed the truck away from the scene and did not return.

Defendant was found guilty as charged.

*Attorney General Morgan, by Associate Attorney Heidgerd, for the State.*

*Robert E. Smith for the defendant.*

BROCK, Chief Judge.

Defendant relied upon his contention and argument that he acted in self defense. Defendant specifically requested an instruction upon the principle of self-defense. The trial judge denied the requested instruction and instructed the jury as follows: "I instruct you, that the principle of self-defense, the plea of self defense, under the circumstances in this case, is not available to the defendant; and that you will not consider whether the defendant acted in his own self defense, or in the defense of the house in which he lived." Defendant assigns this as error.

[1] The right of self-defense does not necessarily depend upon real or actual danger. The right to act in self-defense may arise from apparent danger. 1 Strong, N. C. Index 2d, Assault and Battery, § 8, p. 300.

[2] In this case, according to defendant's evidence, Watson had given defendant $45.00 for which defendant was going to secure an eight-track tape player and some tape cartridges. Defendant

had spent the $45.00 on drugs and had not delivered the tape player. Defendant was told that Watson was looking for him and had a pistol. Defendant saw Watson parked across the street from defendant's house with a pistol on the seat beside him. Defendant saw Watson return to the scene with either a shotgun or rifle. Defendant was afraid of Watson and fired a rifle at Watson's vehicle to make him leave.

The defendant's appraisal of the situation is not controlling upon the question of his right to act in self-defense. The reasonableness of his apprehension is to be determined by the jury in accordance with the facts and circumstances as they appeared to the defendant at the time. 1 Strong, N. C. Index 2d, Assault and Battery, § 8, p. 300.

In our view the defendant's evidence presents the question of self-defense for jury determination. Possibly His Honor was overly impressed with doubts of the credibility of defendant's evidence. The credibility of the testimony is to be evaluated by the jury, not the court.

New trial.

Judges HEDRICK and BALEY concur.