STATE OF NORTH CAROLINA v. ROBERT LEE HICKMAN

No. 743SC221

(Filed 1 May 1974)

1. Assault and Battery § 15; Criminal Law § 118— failure to instruct on self-defense — error

   In a prosecution for assault with a deadly weapon with intent to kill, the defendant's evidence, even though contradicted by the State, raised an issue of self-defense, and the trial court erred in failing to give an instruction on that defense.

2. Assault and Battery § 15— failure to define assault — error

   Trial court in a prosecution for assault with a deadly weapon with intent to kill erred in failing to define or otherwise explain to the jury the meaning of the legal term "assault."

APPEAL by defendant from *Cowper, Judge,* at the 15 October 1973 Session of CRAVEN Superior Court.

Heard in the Court of Appeals 10 April 1974.

The indictment charged defendant with assault with a deadly weapon with the intent to kill and inflicting serious injury not resulting in death. The State's evidence tended to show that the defendant was playing cards with Clayton Fenner and a man called Boot Jack. The defendant was losing money and accused Fenner of cheating. Everyone got up, and the defendant left the room. As Clayton Fenner was walking out, the defendant came

back into the room and stabbed Fenner with a knife—once in the back of the head and twice more in the back after he fell to the floor. The defendant then ran out of the house, got in his car and drove off.

The defendant, Robert Lee Hickman, testifying in his own behalf, stated that he and Fenner argued about the cheating accusation before he left the room. The defendant testified that when he reentered the room, Fenner came at him with something in his hand which he was swinging. The defendant testified he then pulled out his knife and hit Fenner, knocking him back into a chair. As Fenner rose to come at him again, the defendant struck him two more times, then left the house. From a verdict of guilty of the lesser offense of assault with a deadly weapon inflicting serious injury, the defendant appealed.

*Attorney General Robert Morgan by Assistant Attorney General James E. Magner, Jr., for the State.*

*Ernest C. Richardson III for defendant appellant.*

CAMPBELL, Judge.

[1]   The defendant assigns as error the failure of the trial court to charge on self-defense and the failure of the trial court in its charge to explain and define the element of assault. Under G.S. 1-180 it is the duty of the trial court to declare and explain the law arising from the evidence even without a special request for instruction. The defendant's evidence, even though contradicted by the State, raised an issue of self-defense. Whether the defendant's evidence is less credible than the State's evidence is an issue for the jury, not the trial judge. The failure of the trial court to charge on self-defense was error. *State v. Greer,* 218 N.C. 660, 12 S.E. 2d 238 (1940) ; *State v. Todd,* 264 N.C. 524, 142 S.E. 2d 154 (1965) ; *State v. Chaney,* 9 N.C. App. 731, 177 S.E. 2d 309 (1970) ; *State v. Broadnax,* 13 N.C. App. 319, 185 S.E. 2d 442 (1971).

The defendant was convicted of the offense of an assault with a deadly weapon inflicting serious injury. In instructing on this offense, the trial judge charged the jury:

> "Now, I instruct you that if the State has satisfied you beyond a reasonable doubt that on or about 8:00 P.M., January 27, 1973, the defendant, Robert Hickman, assaulted Clayton Fenner with a knife, a deadly weapon

thereby inflicting serious bodily injury upon him, it would be your duty to return a verdict of guilty of the lesser offense of assault with a deadly weapon with intent—inflicting serious injury. If you do not so find, or have a reasonable doubt as to one or more of these things, it would be your duty to return a verdict of not guilty."

To this instruction the defendant excepted and assigned it as an error.

[2] At no place in the charge did the trial judge instruct the jury as to what the term "assault" means or what constitutes an assault. An assault is a legal term with which jurors are not apt to be familiar. We think it incumbent upon the trial judge to define or otherwise explain to a jury the meaning of the legal term "assault."

In *State v. Mundy*, 265 N.C. 528, 144 S.E. 2d 572 (1965), the North Carolina Supreme Court stated:

"The only instruction given with respect to the law of the case consisted of a reading of the pertinent statute, G.S. 14-87. In giving instructions the court is not required to follow any particular form and has wide discretion as to the manner in which the case is presented to the jury, but it has the duty to explain, without special request therefor, each essential element of the offense and to apply the law with respect to each element to the evidence bearing thereon. 1 Strong: N. C. Index, Criminal Law, §§ 105, 107. Ordinarily the reading of the pertinent statute, without further explanation, is not sufficient."

For the errors pointed out we grant a new trial.

New trial.

Judges MORRIS and VAUGHN concur.