STATE OF NORTH CAROLINA v. GENE CARROLL HEWITT

No. 7718SC296

(Filed 21 September 1977)

1. **Assault and Battery § 15.2— failure to define "assault"**
    In a prosecution for assault with a deadly weapon (a pistol) with intent to kill inflicting serious injury, the trial court did not err in failing to define for the jury the term "assault" where the court explained to the jury how an assault with the pistol could be accomplished by charging that the State must prove that defendant assaulted the victim "by intentionally shooting him with a pistol."

2. **Assault and Battery § 15.1 — charge of assault with pistol — instruction on cue ball as deadly weapon — harmless error**
    In a felonious assault case in which the indictment alleged the assault was accomplished by use of a pistol, defendant was not prejudiced by an instruction permitting the jury to consider whether a cue ball with which defendant struck the victim was a deadly weapon where the remaining instructions made it clear that the State had to prove that defendant intentionally shot the victim with a pistol, and where the jury found that the assault inflicted serious injury and the only evidence of serious injury was from the shooting with a pistol.

APPEAL by defendant from *Crissman, Judge.* Judgment entered 8 December 1976 in Superior Court, GUILFORD County. Heard in the Court of Appeals 31 August 1977.

Defendant was tried upon a bill of indictment charging him with assault with a deadly weapon (a pistol) with intent to kill inflicting serious injury.

The State's evidence tends to show the following: Defendant and Vernon Hedgecock became engaged in a scuffle in a pool room during which scuffle defendant struck Hedgecock on the head with a cue ball. Hedgecock abandoned the scuffle and started toward the door. Defendant shot Hedgecock in the back. Hedgecock was hospitalized for eight days.

Defendant offered no evidence.

The jury found defendant guilty of the lesser included offense of assault with a deadly weapon inflicting serious injury and an active prison sentence was imposed.

*Attorney General Edmisten, by Assistant Attorneys General Sandra M. King and Ralf Haskell, for the State.*

*James F. Morgan and Charles L. Cromer for the defendant.*

BROCK, Chief Judge.

[1] Defendant first argues that the trial judge committed error prejudicial to defendant in failing to define for the jury the term "assault." Defendant relies on *State v. Hickman*, 21 N.C. App. 421, 204 S.E. 2d 718 (1974). In *Hickman* the trial judge instructed the jury to return a verdict of guilty if it was satisfied beyond a reasonable doubt that defendant assaulted the victim with a knife. At no point in *Hickman* was the jury instructed upon how an assault with a knife could be accomplished. Therefore this Court held in *Hickman* that "[w]e think it incumbent upon the trial judge to define *or otherwise explain* to a jury the meaning of the legal term 'assault'." (Emphasis added.)

The present case is clearly distinguishable from *Hickman*. In the present case the trial judge explained to the jury how the assault with the pistol could be accomplished. Upon the charge contained in the bill of indictment and again upon the lesser included offense the trial judge instructed the jury that the first element the State must prove was that the defendant assaulted Vernon Hedgecock *by intentionally shooting him with a pistol*. This instruction explained the term assault and applied the law to the evidence. *See State v. Springs*, 33 N.C. App. 61, 234 S.E. 2d 193 (1977). This assignment of error is overruled.

[2]   During the instructions to the jury the trial judge stated: "The evidence also tends to show that a cue ball was used. Now, you have a right to take into consideration whether or not a cue ball, used in the manner in which it was used, considering the size and the strength of the defendant as compared to Vernon Hedgecock, was a deadly weapon." Defendant argues that, because the bill of indictment charges an assault with a deadly weapon which the bill describes as a pistol, it was error for the judge to permit the jury to consider whether the cue ball was a deadly weapon. In principle we agree with defendant's argument, however the argument is not controlling under the circumstances presented in this case.

The above quoted statement concerning the cue ball was the only mention of the cue ball by the trial judge. He apparently realized that the issue of assault with the cue ball should not be presented to the jury. In all phases of the instructions the trial judge instructed the jury upon the assault that it must be satisfied beyond a reasonable doubt that defendant assaulted Vernon Hedgecock by intentionally shooting him with a pistol. This clear requirement of finding a shooting with a pistol appears at least four times in the instructions including each final mandate. That coupled with the fact that the jury found that the assault inflicted serious injury makes it clear that the jury was not misled by the brief mention of the cue ball. The evidence of serious injury was from the shooting with a pistol. There was no evidence of serious injury from the cue ball. We perceive no prejudice to defendant from the instruction complained of.

No error.

Judges BRITT and MORRIS concur.