STATE OF NORTH CAROLINA v. PRESTON LEE HARRIS

No. 778SC526

(Filed 16 November 1977)

1. Criminal Law §§ 33.2, 73.4— defendant's awareness of his acts—res gestae— criminal intent

In this felonious assault case, defendant's testimony that when he shot the victim he was not aware of what he was doing was not admissible as part of

the *res gestae*. Furthermore, the exclusion of such testimony was not prejudicial error even if it was relevant to show a lack of criminal intent where defendant repeatedly testified that he did not intend to shoot the victim.

**2. Assault and Battery § 15— felonious assault—order of submission of offenses to jury**

The trial court in a felonious assault case did not err in submitting the crime charged and lesser included offenses in the order in which the offenses appear in G.S. 14-32.

**3. Assault and Battery § 15.2— instructions—meaning of "assault"**

In this prosecution for felonious assault, the trial judge sufficiently instructed the jury on the meaning of "assault" when he instructed the jury with respect to each offense submitted that to convict defendant it must find beyond a reasonable doubt "that the defendant assaulted [the victim] by intentionally shooting him with a pistol."

APPEAL by defendant from *Graham, Judge.* Judgment entered 22 March 1977 in Superior Court, LENOIR County. Heard in the Court of Appeals 25 October 1977.

The defendant, Preston Lee Harris, was charged in a proper bill of indictment with the assault of Kenneth Earl Harris with a deadly weapon with the intent to kill inflicting serious injury. Defendant entered a plea of not guilty and the State presented evidence tending to show the following:

Early on the morning of 24 June 1976 the defendant, Preston Lee Harris, Kenneth Earl Harris and a woman drove to the woman's apartment in defendant's automobile. While defendant and the woman were inside her apartment, Kenneth Harris drove the automobile to defendant's mobile home. He knocked on the door and defendant's wife responded. The two went to her bedroom and with her consent engaged in sexual relations. Harris departed from defendant's home at approximately 4:30 a.m., returned to the woman's apartment and picked up defendant. Defendant drove Harris home and then went home himself.

Later in the morning at approximately 7:30 a.m., defendant went to the home where Kenneth Harris lived with his mother. He stated that he intended to kill Harris and confronted him with his wife's accusation that Harris had raped her. Harris denied the charge and the two men left together. As Harris drove defendant to his home in his van, they continued to discuss the charges by defendant's wife. When they reached defendant's home, defendant

drew a .25 caliber automatic pistol with which he shot Harris four times. Harris was taken to the hospital where he stayed until 15 October 1976. As a result of the shooting Harris is permanently deprived of the use of his legs.

Defendant offered evidence tending to show that defendant's wife had been asleep on the morning in question and awoke finding Harris undressed in bed with her. She was then forced to submit to sexual relations.

The jury rendered a verdict of guilty of the offense of assault with a deadly weapon inflicting serious injury. Judgment was entered imposing a sentence of 10 years imprisonment and defendant appealed therefrom.

*Attorney General Edmisten by Associate Attorney Rebecca R. Bevacqua for the State.*

*Hulse & Hulse by Herbert B. Hulse for the defendant appellant.*

HEDRICK, Judge.

[1] Defendant first contends that the trial judge erred to his prejudice by not allowing him to testify on direct examination that when he shot Kenneth Harris, "I was not aware of what I was doing." Defendant argues that this evidence was relevant to the question of his intent and admissible as part of the *res gestae.* Obviously, the statement was not a part of the *res gestae* since the excluded evidence related only to defendant's state of mind, and not to a declaration made at the time of the commission of the crime. Assuming *arguendo* that the excluded statement tended to show a lack of criminal intent upon the part of the defendant, we perceive no prejudicial error in the court's ruling since the defendant repeatedly testified that he did not intend to shoot Kenneth Harris. This assignment of error has no merit.

Defendant next contends that the court erred in denying his motion for judgment as of nonsuit. Here defendant merely argues that there was no evidence of defendant's criminal intent. The record is replete with evidence sufficient to require submission of the case to the jury and to support the verdict.

[2] Defendant's sixth assignment of error is stated as follows:

"The Court's instruction to the jury as to the order in which the jury must consider charges for that the same was arbitrary and incorrect."

The trial judge submitted the possible verdicts in the following order: guilty of assault with a deadly weapon with intent to kill inflicting serious injury; guilty of assault with a deadly weapon inflicting serious injury; guilty of assault with a deadly weapon with intent to kill; and not guilty. The judge simply submitted the offenses in the order in which they appear in the statute, G.S. 14-32. As this Court has responded to a similar contention by another defendant, "[n]o authority is cited for this position and reason does not support it." *State v. Wall*, 9 N.C. App. 22, 24, 175 S.E. 2d 310, 311 (1970). This assignment of error is overruled.

[3] Next, defendant argues that the trial judge erred in failing to define the term "assault" as it relates to the offenses submitted to the jury. The North Carolina courts have adhered to the "common law rule that an assault is an intentional offer or attempt by force and violence to do injury to the person of another." *State v. Hill*, 6 N.C. App. 365, 369, 170 S.E. 2d 99, 102 (1969). In the present case the trial judge instructed the jury in connection with each offense submitted that to convict defendant it must find beyond a reasonable doubt "that the defendant assaulted Kenneth Harris by intentionally shooting him with a pistol; . . . ." This instruction is clearly distinguishable from the one disapproved in *State v. Hickman*, 21 N.C. App. 421, 422, 204 S.E. 2d 718, 719 (1974), where the trial judge merely instructed the jury that to return a verdict of guilty it must be satisfied that " 'the defendant . . . assaulted Clayton Fenner with a knife . . . .' " Moreover, it is substantially similar to the instruction approved in *State v. Springs*, 33 N.C. App. 61, 234 S.E. 2d 193 (1977). We hold that the trial judge's instruction relating to assault was sufficient to define and explain the law arising on the evidence. This assignment of error is overruled.

Finally, defendant assigns as error the following:

"The Court's instruction to the jury on the element of intent, in that the Court did not extend its instructions to the lesser included offense of assault with a deadly weapon inflicting serious injury."

This assignment of error purports to be based on exception numbers eight and twelve. Exception number twelve is a broadside exception to the charge and does not support the assignment of error. Exception number eight relates to the court's instructions to the jury on the element of specific intent to kill as it related to the charges on assault with a deadly weapon with intent to kill inflicting serious injury and assault with a deadly weapon with intent to kill. Defendant does not challenge the instruction, but contends that the court erred in not bringing this instruction forward with respect to the lesser-included offense of assault with a deadly weapon inflicting serious injury. Obviously, specific intent to kill is not an element of the lesser-included offense of which the defendant was found guilty. We have carefully examined the instructions to the jury with respect to the lesser-included offense and find the charge to be without prejudicial error. Assignment of error number five is without merit.

We hold that the defendant had a fair trial free from prejudicial error.

No error.

Judges BRITT and MARTIN concur.