STATE OF NORTH CAROLINA v. WILLIAM BROOKS

No. 786SC79

(Filed 11 July 1978)

**Assault and Battery § 15.7— self-defense—instruction not required**
In a prosecution for assault with a deadly weapon with intent to kill where the evidence tended to show that defendant was armed with a deadly weapon and voluntarily moved nearly the entire length of the dormitory-type prison cell in which he was confined in order to place himself along the path the victim must take in leaving the showers, the mere act of the victim in placing his hand in a pocket containing a knife when he emerged from the shower and saw defendant waiting for him was insufficient evidence of provocation to require the trial court to give an instruction upon the doctrine of self-defense.

APPEAL by defendant from *Smith (Donald L.), Judge*. Judgment entered 1 September 1977 in Superior Court, HALIFAX County. Heard in the Court of Appeals 24 May 1978.

The defendant was indicted for the felony of assault with a deadly weapon with intent to kill inflicting serious bodily injury and entered a plea of not guilty. The jury returned a verdict of guilty as charged. From judgment sentencing him to imprisonment for a term of twenty years, defendant appealed.

The State offered evidence tending to show that on 20 June 1977 James T. Williams and the defendant, William Brooks, were both housed as inmates in a dormitory cell at Caledonia Prison Farm. They had a disagreement on that morning and exchanged unpleasant words. That evening Williams went to the bathroom area of the dormitory and took a shower. As he emerged from the bathroom area into the dormitory, he was approached by the defendant who stabbed him with a "shank" or homemade knife without provocation. Williams then attempted to flee from the defendant. He was then pursued by the defendant and stabbed in the back four times. Some of these blows were struck after Williams had been felled and rendered helpless. As a result of serious injuries from his wounds inflicted by the defendant, Williams was required to undergo surgery and was kept hospitalized in intensive care for a period of time.

The defendant offered evidence tending to show that he was serving a sentence for murder and was confined at Caledonia Prison Farm on 20 June 1977. He and Williams had an argument during the morning hours on that date. That night the defendant was standing by his bunk and saw Williams go to his locker, take a knife from within and put it in his right pants pocket. Williams then went to the bathroom area of the dormitory-type cell in which they were housed and took a shower. The bathroom area was at the opposite end of the dormitory from the defendant's bunk. The defendant followed Williams to the bathroom area at the other end of the dormitory and waited between the bunks immediately adjacent to that area. When Williams emerged from the shower and saw the defendant, he put his hand in his right pocket. The defendant pulled his knife from his right pocket and stabbed Williams. Williams then pulled his knife from his pocket, and the defendant stabbed him several more times. The defend-

ant stabbed Williams the second time by a corner of a sink in the bathroom. He could not recall where Williams was when he stabbed him the third time or whether he stabbed Williams more than three times.

The defendant in apt time moved that the trial court instruct the jury as to the law of self-defense. This motion was denied.

*Attorney General Edmisten, by Assistant Attorney General James L. Stuart, for the State.*

*A. S. Godwin, Jr., for defendant appellant.*

MITCHELL, Judge.

The defendant's sole assignment of error is directed to the trial court's refusal to instruct the jury on the law of self-defense. In support of this assignment, the defendant argues that his evidence tended to show self-defense as a matter of law. We do not agree.

The defendant refers us, *inter alia*, to *State v. Hickman*, 21 N.C. App. 421, 204 S.E. 2d 718 (1974) and *State v. Evans*, 19 N.C. App. 731, 200 S.E. 2d 213 (1973). He contends that the holdings in those cases are controlling here and, based upon the evidence presented, required the trial court to give an instruction on self-defense. We find that the fact situations presented by each of the cases relied upon by the defendant distinguishable from the present case. In both *Evans* and *Hickman* there was some evidence tending to show that the prosecuting witness or victim clearly made a first overt act of aggression toward the defendant before the defendant attacked. Here, however, the defendant was armed with a deadly weapon and voluntarily moved nearly the entire length of the dormitory-type cell in order to place himself along the path the victim must take in leaving the showers. We cannot say upon these facts that the mere act of the victim in placing his hand in a pocket containing a knife, when he emerged from the shower and saw the defendant waiting for him, was sufficient to require the trial court to give an instruction upon the doctrine of self-defense.

The evidence, when taken in the light most favorable to the defendant, indicates that he was not without fault and voluntarily and aggressively took himself into a situation in which he well

knew that he or the other man would probably use deadly force. The doctrine of self-defense is not available unless the defendant is without fault and did not voluntarily enter into the fight or abandons the fight and withdraws from it giving notice to his adversary that he has so withdrawn. *State v. Watkins*, 283 N.C. 504, 511, 196 S.E. 2d 750, 755 (1973).

The evidence did not require an instruction on self-defense upon a theory of either real or apparent necessity. The defendant was required to show that there was some evidence indicating he acted in self-defense before the trial court would have been required to instruct the jury on that defense. *State v. Williams*, 288 N.C. 680, 220 S.E. 2d 558 (1975); *State v. Hankerson*, 288 N.C. 632, 220 S.E. 2d 575 (1975), *rev'd on other grounds*, 432 U.S. 233, 53 L.Ed. 2d 306, 97 S.Ct. 2339 (1977). Rules such as ours, which do not require the prosecution to negate self-defense or the trial court to charge thereon until the defendant has produced "some evidence" that he in fact acted in self-defense, have been approved by the Supreme Court of the United States. *Mullaney v. Wilbur*, 421 U.S. 684, 701-702, 44 L.Ed. 2d 508, 521, 95 S.Ct. 1881, 1891, nn. 28 & 30 (1975). Here, the defendant failed to present "some evidence" indicating that he acted in self-defense, and he was not entitled to a jury instruction on that defense.

As the defendant totally failed to produce any evidence of one or more of the factors which would have entitled him to invoke the doctrine of self-defense, the trial court quite correctly declined to instruct the jury with regard to the doctrine. For the trial court to have ruled otherwise would have constituted error. *State v. Watkins*, 283 N.C. 504, 509, 196 S.E. 2d 750, 754 (1973).

The defendant received a fair trial free from prejudicial error in every respect, and we find

No error.

Judges PARKER and HEDRICK concur.