STATE OF NORTH CAROLINA v. GEORGE DANIELS, JR.

No. 782SC441

(Filed 17 October 1978)

1. **Assault and Battery § 16.1— assault with a deadly weapon—no instruction on simple assault—no error**
    Since a blackjack has been held to be a deadly weapon *per se*, and the evidence tended to show that defendant struck the victim in the head with a blackjack, the trial court was not required to charge on the lesser included offense of simple assault in a prosecution for assault with a deadly weapon.

State v. Daniels

2. **Assault and Battery § 15.1— assault with a deadly weapon—failure to define assault—no error**

> In a prosecution for assault with a deadly weapon, the trial court did not err in failing to define assault, since the jury was instructed that it must find from the evidence and beyond a reasonable doubt that defendant "struck Mr. Jackie Campbell over the head with a blackjack."

APPEAL by defendant from *Cowper, Judge.* Judgment entered 8 March 1978, Superior Court, BEAUFORT County. Heard in the Court of Appeals 19 September 1978.

Defendant was convicted of assaulting Jackie Campbell on 16 December 1977 with a deadly weapon, a blackjack, and he appeals from the judgment imposing a prison term of four months.

All of the evidence tends to show that defendant forcefully took a blackjack from Jackie Campbell, a store clerk, and struck him about the head three times, which required medical treatment including three sutures. Defendant testified that Campbell was advancing on him in a threatening manner when defendant struck him.

*Attorney General Edmisten by Associate Attorney John R. Wallace for the State.*

*John H. Harmon for defendant appellant.*

CLARK, Judge.

[1] The defendant assigns as error the failure of the trial court to submit to the jury the lesser offense of simple assault. If the weapon used in the assault by the defendant was a deadly weapon *per se* the trial court was not required to charge on the lesser included offense of simple assault, even though the trial court did not charge that the instrument used in the assault was a deadly weapon as a matter of law.

Though there is some discrepancy in the designation of the weapon by the various witnesses, we find from the record on appeal that the weapon was a blackjack. The narration of the testimony in the record reveals that Jackie Campbell, the owner of the weapon, referred to it as a "blackjack." The other two witnesses for the State used the word "blackjack." The defendant referred to the weapon as a "blackjack" several times and a

"stick" several times. Defendant's other witness also referred to the weapon as a "stick." In the instructions to the jury the trial judge, in summarizing the testimony of State's witness Rodney Atkins, said: "He said the blackjack was about eighteen inches long. Of course, you know what a blackjack is." Subsequently, after defining a deadly weapon as a weapon which is likely to cause death or serious injury, the trial judge added: "This weapon was described as about eighteen inches long, bound in leather." The defendant makes no exceptions to the instructions referred to. Under these circumstances we conclude that the weapon, about eighteen inches long and bound in leather, was a blackjack.

It has been held that a blackjack is a deadly weapon *per se.* *State v. Hefner,* 199 N.C. 778, 155 S.E. 879 (1930). In both *Hefner* and the case *sub judice* the defendant struck the victim with force on the head.

In *State v. Perry,* 226 N.C. 530, 39 S.E. 2d 460 (1946), it was held that a brick thrown with force by the defendant constituted a deadly weapon as a matter of law, and it was not error for the trial court to refuse to submit to the jury the question of defendant's guilt of simple assault, even though the question of whether the brick as used was a deadly weapon was submitted to the jury.

The trial court did not err in failing to submit the lesser offense of simple assault to the jury.

[2] Nor do we find merit in defendant's other assignment of error, the failure of the trial court to define assault. The jury was instructed that it must find from the evidence and beyond a reasonable doubt that defendant "struck Mr. Jackie Campbell over the head with a blackjack." This instruction was similar to that made by the trial court in *State v. Harris,* 34 N.C. App. 491, 238 S.E. 2d 642 (1977), where it was held the instruction was sufficient to define and explain the law arising on the evidence. The defendant relies on *State v. Hickman,* 21 N.C. App. 421, 204 S.E. 2d 718 (1974), where this court found reversible error because the trial court charged that the jury must find beyond a reasonable doubt that defendant " 'assaulted Clayton Fenner with a knife,' " and the court did not define "assault." 21 N.C. App. at 422, 204 S.E. 2d at 719. The instructions in the case before us are clearly distinguishable.

We find that the defendant had a fair trial free from prejudicial error.

No error.

Chief Judge BROCK and Judge MARTIN (Harry C.) concur.