STATE OF NORTH CAROLINA v. CLIFTON EARL CRANDALL

No. 863SC436

(Filed 7 October 1986)

**1. Criminal Law § 138.33— passive participant—minor role—separate mitigating factors**

   The trial court may find as separate mitigating factors that defendant was a passive participant and that defendant played a minor role in the crime if separate evidence is presented to support each mitigating factor. N.C.G.S. § 15A-1340.4(a)(2)(c).

**2. Criminal Law § 138.33— mitigating circumstances—passive participant finding —minor role finding not required**

   In a breaking or entering case in which the trial court found as a statutory mitigating factor that defendant was a passive participant in the break-in, the court was not required to find as an additional statutory mitigating factor that defendant played a minor role in the crime where defendant presented no separate evidence of a minor role but relied on the same evidence to support both factors.

APPEAL by defendant from *Phillips (H. O., III), Judge.* Judgments entered 24 April 1985 in PITT County Superior Court. Heard in the Court of Appeals 22 September 1986.

Defendant was convicted of three counts of felony breaking and entering and larceny. In an unpublished opinion we reversed one of these convictions and we remanded the other two convictions for resentencing. Evidence presented at the resentencing hearing tended to show, in pertinent part, that:

On 26 November 1982, defendant was drinking with some friends when one of them suggested that they break into Venters Grocery. Following this suggestion, the group drove to the store and stole various property. The group then went to the E & M Country Store, but made no entry or stole any property at that establishment. From the E & M Country Store, the group proceeded to J. H. Hudson, Inc. where they stole some tools and a television set.

Defendant offered evidence tending to show that he was intoxicated throughout the evening of 26 November during the course of the break-ins. During the Hudson break-in defendant was so intoxicated that he was "passing out" and did not know what was happening. He did not leave the car except to stand by a ditch along the side of the road momentarily and then return to the car. He also helped place some bags in the car when the others returned with the stolen tools and the television set.

Regarding defendant's conviction for the Hudson break-in, the court found in aggravation that defendant had a prior criminal record. The court found a number of factors in mitigation, including that:

> 7. The defendant was a passive participant in the commission of the offense.

The court then concluded that the sole aggravating factor outweighed the mitigating factors and imposed a sentence in excess of the presumptive term. Defendant appealed his sentence for the Hudson break-in.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General Ann Reed, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr. for defendant-appellant.*

WELLS, Judge.

[1] Defendant's sole contention is that the court should have found as an additional statutory mitigating factor that he played a minor role in the commission of the Hudson break-in. We disagree.

In general,

> [e]numerated in G.S. § 15A-1340.4(a)(2) are the statutory factors which *must* be considered by the sentencing judge. The mitigating factor urged here is included. . . . A duty is placed upon the judge to examine the evidence to determine if it would support any of the statutory factors even absent a request by counsel. *State v. Gardner*, 312 N.C. 70, 320 S.E. 2d 688 (1984). The sentencing judge is required to find a statutory factor when the evidence in support of it is uncontradicted, substantial, and manifestly credible. *State v. Jones*, 309 N.C. 214, 306 S.E. 2d 451 (1983). Failure to find a statutory factor so supported is reversible error. *See State v. Spears*, 314 N.C. 319, 333 S.E. 2d 242 (1985).

*State v. Cameron*, 314 N.C. 516, 335 S.E. 2d 9 (1985).

*Citing State v. San Miguel*, 74 N.C. App. 276, 328 S.E. 2d 326 (1985), defendant contends the court should have found both that defendant was a passive participant *and* that he played a minor role in the commission of the offense even though these factors are listed in the same statutory subsection.

In *San Miguel*, the court found as factors in aggravation that defendants induced another to participate in the commission of the offense and that defendants occupied a position of leadership or dominance of other participants in the commission of the offense. Defendants contended that the court impermissibly divided the statutory aggravating factor in N.C. Gen. Stat. § 15A-1340.4 (a)(1)(a) into two parts and found each part as a separate factor. The Court disagreed and held that "if evidence is presented showing that a defendant induced another or others to participate . . . and separate evidence is presented showing that the defendant also led or dominated . . ., the court may find two separate aggravating factors." *San Miguel, supra.* The Court reasoned:

> The conduct referred to is of two types—first, inducing others and, second, leading or dominating others. The words used are not generally synonymous. *See* Black's Law Dictionary 697 (rev. 5th ed. 1979) ("induce"); Webster's New Collegiate Dictionary 653 (1977) ("lead"); *see also* Black's Law Dictionary, *supra*, at 436 ("dominate"). Since G.S. 15A-1340.4 (a)(1)(a) is stated in the disjunctive, proof of either type of

conduct, by the preponderance of the evidence, is sufficient to support the finding of an aggravating factor. *See In re Duckett*, 271 N.C. 430, 437, 156 S.E. 2d 838, 844 (1967) ("the disjunctive . . . 'or' is used to indicate a clear alternative"); *Davis v. Granite Corporation*, 259 N.C. 672, 675, 131 S.E. 2d 335, 337 (1963); *see also* G.S. 15A-1340.4(a).

. . . One of the primary purposes of sentencing is to impose punishment commensurate with the injury caused, taking into account the factors which diminish or increase the offender's culpability. *See* G.S. 15A-1340.3. Both inducing others to commit an offense and leading others during the commission of an offense constitute conduct which increases a defendant's culpability. Since proof of either type of conduct, by the preponderance of the evidence, is sufficient to support the finding of an aggravating factor, proof of both types of conduct should suffice to support the finding of two aggravating factors so as to reflect the defendant's greater culpability.

*San Miguel, supra.*

The factors here are less easily distinguished than those in *San Miguel*. A passive participant can be defined as one who has an inactive part in the commission of an offense. *See* Black's Law Dictionary (rev. 5th ed., 1979) and Webster's Third New International Dictionary (1976). A minor role can be defined as one in which the individual performs a comparatively unimportant function in the commission of an offense. *See id.* Despite the closeness of these definitions, they still can refer to separate types of conduct. Since N.C. Gen. Stat. § 15A-1340.4(a)(2)(c) is stated in the disjunctive, proof of either type of conduct is sufficient to support the finding of a mitigating factor. *See San Miguel, supra.*

We recognize that a defendant certainly can play an inactive part *and* perform a comparatively unimportant function in the commission of an offense. In fact, these types of conduct may overlap. *See State v. Brown*, 314 N.C. 588, 336 S.E. 2d 388 (1985) (evidence tended to show that far from being a passive participant, defendant played a major role in the commission of the crime). Following the rationale of *San Miguel*, since proof of either passive participation or performance of a minor role, by the preponderance of the evidence, is sufficient to support the finding of a mitigating factor, proof of both types of conduct

should suffice to support the finding of two mitigating factors so as to reflect the defendant's lesser culpability.

However, the *San Miguel* Court further held that the two subsections of N.C. Gen. Stat. § 15A-1340.4(a)(1)(a) could be found as two separate aggravating factors only if there was separate evidence supporting each. This requirement comports with N.C. Gen. Stat. § 15A-1340.4(a)(1) which stipulates that the same evidence may not be used to support more than one aggravating factor. There is no statutory counterpart to this provision of N.C. Gen. Stat. § 15A-1340.4(a)(1) for mitigating factors. However, consistent with the Fair Sentencing Act's requirement of separate evidence to support each aggravating factor, we hold that the same evidence may not be used to find more than one mitigating factor; each mitigating factor can be found only if there is separate evidence supporting it.

[2] Applying the foregoing principles to the evidence here, we hold that the court was not required to find as an additional statutory mitigating factor that defendant played a minor role in the commission of the offense because defendant presented insufficient separate evidence of this factor. Defendant's evidence showed that he was highly intoxicated and was "passing out" during the break-in and was not aware of what was happening. He remained in the car except to stand by a ditch momentarily and later helped place some bags in the car.

This evidence clearly supports a finding that defendant was a passive participant. Arguably, it also suggests that defendant played a minor role in the commission of the crime as well. In this regard, this case demonstrates how the same evidence can give rise to both of these factors. A sentencing judge confronted with this situation must decide which factor best characterizes defendant's conduct under the circumstances. The predominant feature of defendant's conduct here is inactivity and the court thus properly found that defendant was a passive participant. Since the record reveals no additional separate evidence that defendant also played a minor role in the commission of the crime, the court was not required to find this additional statutory factor. We note that, even if defendant had presented separate evidence that he played a minor role, the court still would not have been required

to find this factor unless this evidence were uncontradicted, substantial, and manifestly credible. *Cameron, supra.*

For the foregoing reasons, defendant's sentence in No. 82CRS14923 (Hudson break-in) is

Affirmed.

Judges JOHNSON and MARTIN concur.