STATE v. LOVELL

[93 N.C. App. 726 (1989)]

———————————

STATE OF NORTH CAROLINA v. RODNEY LOVELL

No. 8810SC826

(Filed 16 May 1989)

1. **Assault and Battery § 15.7— stabbing of fellow inmate — insufficient evidence of self-defense**

    A defendant charged with assault with a deadly weapon inflicting serious injury by stabbing a fellow prison inmate was not entitled to an instruction on self-defense because of evidence that he believed the victim had arranged to have another inmate assault defendant for $300 where (1) defendant was not free from fault in the affray in that the victim exhibited no threatening behavior toward defendant before defendant stabbed him and defendant continued to pursue the victim even though the victim ran from him, and (2) there was no showing that defendant was in apparent danger of imminent death or great bodily harm when he stabbed the victim.

2. **Criminal Law § 138.38— stabbing of inmate — mitigating factors — provocation and duress — insufficient evidence**

    The trial court did not err in refusing to find strong provocation and duress as mitigating factors in sentencing defendant for assault with a deadly weapon inflicting serious injury by stabbing a fellow prison inmate where there was conflicting evidence as to whether the victim was trying to arrange an assault, and there was no manifestly credible evidence that defendant was to be the target of such an assault.

STATE v. LOVELL

[93 N.C. App. 726 (1989)]

APPEAL by defendant from *Brannon, Anthony M., Judge.* Judgment entered 23 March 1988 in Superior Court, WAKE County. Heard in the Court of Appeals 23 February 1989.

Defendant, an inmate at Central Prison in Raleigh, was convicted by a jury of assault with a deadly weapon inflicting serious injury, pursuant to G.S. sec. 14-32(b). From sentence pronounced thereon, defendant appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Teresa L. White, for the State.*

*Bailey & Dixon, by Alan J. Miles, for defendant-appellant.*

JOHNSON, Judge.

The charge against defendant Rodney Lovell of assault with a deadly weapon inflicting serious injury arose out of an incident which occurred on 2 October 1987 in Central Prison where defendant is an inmate. Upon conviction on this charge, defendant was sentenced to five years' imprisonment, from which he appeals.

Defendant is serving a life sentence for a prior conviction for second degree murder. On the date of the assault in question he was housed in long term administrative segregation in Central Prison. There was a total of eight prisoners in defendant's block, including the victim of the assault, Daryl Cole. Defendant put on evidence which tended to show that he and Cole had unfriendly relations, and that Cole was agitated by the fact that defendant ran the black market canteen on the block. There was also evidence of racial tension on the block apparently engendered by Cole. Cole was one of six black inmates on the block, and defendant was one of two whites.

On 2 October 1987, defendant stood outside his cell talking with another inmate. Cole had just exited the showers and walked to the cell of Raymond Gaither, another black inmate. Cole said to Gaither, in a voice loud enough for defendant to hear, that when he returned to his cell he would pay Gaither $300.00 to "do a little work" for him, and that "these white boys [are] getting a little out of hand."

About ten minutes later, Cole passed by defendant downstairs in the day room where other inmates were recreating. Defendant approached Cole and asked him a question, the substance of which

STATE v. LOVELL

[93 N.C. App. 726 (1989)]

is unclear. Defendant claims that Cole responded by saying, "it's all going to change real soon." At that point defendant stabbed Cole in the abdomen with a homemade steel weapon known as a shank. Cole began to run away from the defendant. He headed up some stairs pursued by defendant, and when Cole tripped, defendant stabbed him again, this time in the arm. Cole continued to run from defendant and attempted to fend him off with a trash can that he had grabbed. Defendant finally walked away from Cole. As a result of the assault, Cole sustained serious injuries to his left arm and abdomen which necessitated his undergoing surgery and being hospitalized for approximately one month.

[1] By this appeal, defendant raises two questions for our review. First, he argues that the trial court erred in denying his request that the court instruct the jury on self-defense. Defendant contends that he had no alternative choice of action in dealing with Cole in that he believed Cole had taken out a contract with Gaither to assault defendant, and the only way he could prevent the assault was to stab Cole so that he would be moved from the cell block and thereby be unable to pay Gaither the $300.00 for the assault. Defendant also alleges that Cole was an informant for prison authorities and therefore he could not seek aid from prison officials. He argues that under the circumstances he had apparent necessity to defend himself.

Defendant is entitled to an instruction on self-defense only if, viewing the evidence in the light most favorable to defendant, it appears that he was free from fault in the affray, and there was real or apparent necessity for the defendant to kill or inflict serious bodily injury in order to protect himself from death or great bodily harm. State v. Spaulding, 298 N.C. 149, 154, 257 S.E. 2d 391, 394-95 (1979). In applying this standard to the facts of the instant case, we find that defendant was not entitled to a jury instruction on self-defense.

In order for a defendant to be free from fault in causing the attack, he must not have provoked the affray by seeking out his victim. Spaulding, supra; State v. Brooks, 37 N.C. App. 206, 245 S.E. 2d 564 (1978). In the case sub judice, the victim, Cole, merely walked past defendant in the day room. He exhibited no threatening behavior toward defendant before defendant assaulted him. Further, defendant continued to pursue Cole even though Cole ran from him.

The facts of this case are similar to the situation in *Brooks*, *supra*, in which the defendant inmate, after an argument with the victim, followed the victim to the shower area and waited to confront him. In holding that defendant was not entitled to a self-defense instruction, this Court reasoned that the defendant was not without fault when he voluntarily put himself in a situation in which he knew the other inmate would likely use force. *Brooks*, *supra*. In the case *sub judice*, defendant also was not without fault since he aggressively and voluntarily sought out his victim.

We also do not believe that defendant was in apparent danger of imminent death or great bodily harm. First, defendant was not afraid that Cole would personally harm him. Rather, his concern was that Cole had arranged to have another inmate assault defendant for a price. However, from the evidence before us we cannot conclude that defendant was in imminent danger of bodily harm. There is no evidence that Cole had the financial ability to arrange for an assault against anyone, nor that he ever named defendant as being the target of any alleged assault. Cole's statements before the assault to Gaither constituted at most a verbal threat to defendant; however, even that is doubtful since Cole never specifically threatened defendant.

This Court has stated in *State v. Dial*, 38 N.C. App. 529, 248 S.E. 2d 366 (1978), that a mere verbal threat to use force, unaccompanied by any showing of the ability or intent to carry out the threat immediately, is not sufficient to merit a jury instruction on self-defense. We believe that the facts of the instant case fall under the mandate of *Dial*, and that the trial court did not err in refusing defendant's request for an instruction on self-defense.

[2] By his second Assignment of Error, defendant contends that the trial court erred in refusing to find mitigating factors based on duress or provocation. At defendant's sentencing hearing, the trial court found one statutory aggravating factor and one statutory mitigating factor pursuant to G.S. sec. 15A-1340.4. Defendant submitted several other mitigating factors which were rejected by the court. After concluding that defendant's one aggravating factor outweighed his mitigating factor, the court sentenced defendant to an active term of five years, a sentence two years in excess of the presumptive term.

In North Carolina, a defendant has the burden of proving a mitigating factor by a preponderance of the evidence. *State v.*

*Thompson*, 314 N.C. 618, 336 S.E. 2d 78 (1985), *aff'd*, 318 N.C. 395, 348 S.E. 2d 798 (1986). If the defendant meets this burden by presenting uncontradicted, substantial and manifestly credible evidence in support of the factor, the judge is required to find a statutory factor. *State v. Cameron*, 314 N.C. 516, 335 S.E. 2d 9 (1985). However, the same evidence may not be used to support more than one mitigating factor. *State v. Crandall*, 83 N.C. App. 37, 348 S.E. 2d 826 (1986), *disc. rev. denied*, 319 N.C. 106, 353 S.E. 2d 115 (1987). To demonstrate that a trial court has erred in failing to find a mitigating factor, a defendant must show conclusively that no other reasonable inference may be drawn from the evidence. *State v. Canty*, 321 N.C. 520, 364 S.E. 2d 410 (1988).

In order to find the factor of strong provocation under G.S. sec. 15A-1340.4(a)(2)i, defendant must present uncontradicted, substantial and manifestly credible evidence of "a threat or challenge by the victim to the defendant." *State v. Braswell*, 78 N.C. App. 498, 502, 337 S.E. 2d 637, 639 (1985), *quoting State v. Puckett*, 66 N.C. App. 600, 606, 312 S.E. 2d 207, 211 (1984). We cannot say that the evidence before us rises to this level. Cole never directly threatened defendant. Although there is some evidence that he was attempting to arrange an assault, Cole himself contradicts this, and, in any event, there is no manifestly credible evidence that defendant was the target.

Turning to the issue of duress as a statutory mitigating factor pursuant to G.S. sec. 1340.4(a)(2)b, we also find the evidence insufficient to support a finding in mitigation. The evidence, as stated above, is inconclusive that defendant was the target of a future assault, and also that his only recourse was to assault Cole first. While we recognize that considerable stress is often inherent in a prison environment, we do not find uncontradicted, manifestly credible evidence that defendant acted under duress or coercion when he assaulted the victim.

For all the foregoing reasons, we hold that defendant received a fair trial free of prejudicial error.

No error.

Judge ARNOLD concurs.

Judge PHILLIPS concurs in the result.