STATE OF NORTH CAROLINA v. SUE BUTTS, SIMON COPELAND, JAMES EDWARD HOLLEY, RICHARD EARL MOORING, AND PATRICIA ANNETTE RASCOE

No. 741SC296

(Filed 17 July 1974)

Criminal Law § 138— increased punishment upon retrial — necessity for explanation

 There is no requirement that the superior court upon imposing a harsher sentence than that of the district court make the reasons appear of record.

APPEAL from *Copeland, Judge,* 24 September 1973 Session of CHOWAN County Superior Court. Heard in the Court of Appeals 17 June 1974.

Defendants were charged in valid warrants with refusing to disperse when commanded to do so by a law enforcement officer, when the officer believed that defendants were engaged in disorderly conduct as defined by G.S. 14-288.4. The defendants pled not guilty at the 7 August 1973 Session of Chowan District Court, and all were convicted and sentenced to 90 days in the county jail, suspended for one year. Defendants appealed to the Superior Court for a trial de novo.

At the 24 September 1974 Session of Superior Court, all cases were consolidated for trial, and all defendants entered

pleas of not guilty. The jury returned verdicts of guilty as charged as to each defendant. Defendants Copeland, Holley and Mooring were sentenced to three months in the county jail. Defendants Butts and Rascoe were sentenced to six months in the county jail suspended for four years.

From the signing and entry of judgment, all defendants appealed, assigning error to the failure of the trial court to state his reasons for imposing more severe sentences than did the District Court.

*Attorney General Morgan, by Deputy Attorney General Vanore, for the State.*

*Leroy, Shaw, Hornthal and Riley, by Charles C. Shaw, Jr., for defendant appellants.*

MORRIS, Judge.

The defendants' only assignment of error is to the court's increasing on trial de novo the sentences imposed by the District Court without making his reasons for so doing a part of the record. Defendants' acknowledge the power of the Superior Court to impose a more severe sentence. *State v. Spencer*, 276 N.C. 535, 173 S.E. 2d 765 (1970) ; *State v. Sparrow*, 276 N.C. 499, 173 S.E. 2d 897 (1970). Defendants, however, contend that the increased sentences on trial de novo reveal a vindictiveness on the part of the trial court and a desire to punish defendants for exercising their right to have a jury trial and a trial de novo. This contention is untenable.

In *State v. Stafford*, 274 N.C. 519, 164 S.E. 2d 371 (1968), the Supreme Court held that there is no requirement that the court state its reasons for an increased sentence upon trial de novo.

"Weighing against the hazards which accompany a flat prohibition of increased sentences, the danger that on a second trial the judge will vindictively punish a prisoner for asserting his rights we are of the considered opinion that the likelihood of judicial malfeasance is the lesser danger. We hold, therefore, that unless it affirmatively appears that a second sentence has been increased to penalize a defendant for exercising rights accorded him by the constitution, a statute, or judicial decision, a longer sentence does not impose an unreasonable condition upon the exer-

cise of those rights nor does it deprive him of due process. The presumption is that the judge has acted with the proper motive and that he has not violated his oath of office. The burden is on the prisoner to overcome that presumption." Id., at 531.

In *Colten v. Kentucky,* 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed. 2d 584 (1972), the Supreme Court rejected the contention that a greater sentence could not be imposed on trial de novo absent "specified findings". The Court stated that although a greater sentence may be imposed upon trial de novo,

> "it no more follows that such a sentence is a vindictive penalty for seeking a superior court trial than that the inferior court imposed a lenient penalty. The trial de novo represents a completely fresh determination of guilt or innocence." 407 U.S. at 117.

In *Pearce v. North Carolina,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed. 2d 656 (1969), the Supreme Court held that in order to assure the absence of retaliation by a trial court in resentencing a defendant whose previous conviction had been overturned on appeal, the trial judge must make the reasons for a harsher sentence on retrial affirmatively appear of record. In *Colten v. Kentucky, supra,* the Supreme Court held that the possibility of vindictiveness, found to exist in Pearce is not inherent in Kentucky's trial de novo system.

> "We note first the obvious: that the court which conducted Colten's trial and imposed the final sentence was not the court with whose work Colten was sufficiently dissatisfied to seek a different result on appeal; and it is not the court that is asked to do over what it thought it had already done correctly. Nor is the de novo court even asked to find error in another court's work. Rather, the Kentucky court in which Colten had the unrestricted right to have a new trial was merely asked to accord the same trial, under the same rules and procedures, available to defendants whose cases are begun in that court in the first instance." 407 U.S., at 116-117.

The North Carolina trial de novo procedure, like that of Kentucky, is free from the possibility of vindictiveness found by the Supreme Court to exist in *Pearce v. North Carolina, supra.* There is no requirement that the Superior Court upon imposing a

harsher sentence than that of the District Court make the reasons appear of record.

No error.

Chief Judge BROCK and Judge VAUGHN concur.