STATE OF NORTH CAROLINA v. WILLIAM CARROLL DAUGHTRY

No. 824SC848

(Filed 15 March 1983)

1. **Automobiles and Other Vehicles § 125— driving under influence of beer — change of citation in statement of charges to allege "alcoholic beverage" — absence of prejudice**

Where defendant was originally charged with a second offense of driving under the influence of an intoxicating liquor on 13 September 1981, defendant was convicted in district court on a citation in which the words "intoxicating liquor" were stricken at some unknown time and replaced with the phrase "alcoholic beverage," a misdemeanor statement of charges upon which defendant was tried in the superior court was amended by substituting "alcoholic beverage" for "intoxicating liquor" but was changed back to read "intoxicating liquor" upon motion of the prosecutor at trial, and the evidence showed that defendant had been drinking beer prior to his arrest, defendant was not prejudiced by the modifications in the citation and misdemeanor statement of charges, although beer was an intoxicating liquor but was not an alcoholic beverage under G.S. 20-138(a) until amendment of that statute effective 1

January 1982, since driving under the influence of beer was a misdemeanor offense under G.S. 20-138(a) as it was worded either prior to or after the 1 January 1983 amendment, defendant clearly was on notice that he had been charged with driving under the influence of beer, and the nature of the offense never varied.

2. **Criminal Law § 138.11 — trial de novo in superior court — imposition of more severe sentence**

Defendant's rights were not violated by the superior court's imposition of a more severe sentence for a second offense of drunk driving upon trial *de novo* than the sentence imposed in the district court where there was no evidence in the record that the sentence was increased to penalize defendant for exercising his rights.

APPEAL by defendant from *Strickland, Judge.* Judgment entered 31 March 1982 in Superior Court, SAMPSON County. Heard in the Court of Appeals 11 February 1983.

Defendant was charged in a misdemeanor statement of charges with operating a motor vehicle while under the influence of an intoxicating liquor, second offense, in violation of N.C. Gen. Stat. § 20-138 (1981). Defendant pled not guilty but was found guilty as charged. From a judgment imposing a split sentence of nine months in prison, 30 days active, the remainder to be served under supervised probation, defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General Sarah C. Young, for the State.*

*William M. Bacon, III, for defendant appellant.*

BECTON, Judge.

I

The issues on appeal are whether the trial court erred in denying defendant's motion to dismiss, in entering a judgment imposing a sentence harsher than that given defendant in district court, and in the jury instructions on the offense charged. We have considered each of these issues, and, for the reasons that follow, find no error.

The State offered evidence tending to show the following. On 13 September 1981, Highway Patrolman Larry Harrington observed defendant's automobile on a state highway weaving back and forth, running onto the shoulder of the road and back across the centerline. Trooper Harrington knew defendant and recog-

nized him as the driver of the weaving car. When he was pulled over by Trooper Harrington, defendant stepped out of his car and staggered forward. Defendant had bloodshot eyes, smelled of alcohol, and spoke with a thick tongue. Trooper Harrington then observed two open, partially emptied cans of beer sitting on the floorboard of the car between the driver's seat and a passenger seated in defendant's car. After defendant was arrested for driving under the influence of intoxicating liquor, he said to Trooper Harrington, "I have drank some beer, but I ain't saying how much." Defendant was then taken to the magistrate's office, where he refused, upon the advice of his lawyer, to take a breathalyzer test.

Several witnesses testified for defendant that he did not appear to be intoxicated on the night in question.

## II

[1] Defendant first assigns error to the trial judge's denial of his motion to dismiss on grounds that defendant was originally charged with driving under the influence of an intoxicating liquor and was convicted of that offense, although the words "intoxicating liquor" were stricken on the citation and replaced with "alcoholic beverage." The terms "intoxicating liquor" and "alcoholic beverage" were not synonymous on 13 September 1981, the date of the alleged offense, defendant argues, because N.C. Gen. Stat. § 20-138(a) (1981) was amended effective 1 January 1982 to substitute the words "alcoholic beverages" for "intoxicating liquor." Thus, defendant maintains he was tried under an *ex post facto* law. We find no merit in this argument.

At the time of defendant's arrest in September 1981, driving under the influence of intoxicating liquor was against the law in North Carolina. Thus, defendant's *ex post facto* law argument is misplaced. The definition of "intoxicating liquor" under N.C. Gen. Stat. § 18A-2(4) (1981) included beer, while the definition of "alcoholic beverage" under N.C. Gen. Stat. § 18A-2(1) (1981) was any kind of beverage containing more than 14 percent alcohol by volume. Thus, beer was not an alcoholic beverage in September 1981, even though it was an intoxicating liquor. G.S. § 18A-2(1) defining "alcoholic beverage" was also repealed effective 1 January 1982, and replaced with N.C. Gen. Stat. § 18B-101(4) (1981), which defined "alcoholic beverage" as "any beverage con-

taining at least one-half of one percent (0.5%) alcohol by volume," a definition clearly including beer.

The record in the present case does not disclose when the words "intoxicating liquor" were marked through on defendant's citation and replaced with "alcoholic beverage." Apparently the misdemeanor statement of charges drawn by the Assistant District Attorney, dated 29 March 1982, also was amended with this wording, although it was changed back to read "intoxicating liquor" upon motion of the Assistant District Attorney at trial. While the changes appear to be related to the statutory amendments reviewed above, the State's motivation for making these changes is unclear. The modifications in the citation and misdemeanor statement of charges are irrelevant, however, because the substance of the charge remained unchanged. Defendant clearly was on notice that he had been charged with driving under the influence of beer, a misdemeanor offense under either wording of the statute, and the nature of the offense charged never varied. Defendant has not shown he was prejudiced in any way by this changed wording. The record is replete with evidence of each essential element of the offense charged. The trial court properly denied defendant's motion to dismiss.

For the reasons stated, defendant's additional argument that the trial court erred in charging the jury on the elements of driving under the influence of intoxicating liquor, instead of alcoholic beverages, also must be rejected.

### III

[2] Defendant next contends the trial court improperly sentenced him to a greater punishment than that given him in the district court. His sentence in district court was six months, suspended on condition that he pay a $200.00 fine and costs and surrender his driver's license. Following his trial *de novo* in superior court, he received a nine-month sentence, with 30 days active time, to be served for 15 consecutive weekends, with the remaining time suspended on supervised probation, including a $350.00 fine, costs, jail fees, and surrender of his license. Defendant argues that the differences in the two sentences reflect the trial court's vindictiveness toward defendant and effectively chill his rights to a trial by jury and due process.

This assignment of error is meritless. A defendant's rights are not violated by the imposition of a more severe sentence by the superior court upon trial *de novo* from district court. *State v. Spencer,* 276 N.C. 535, 173 S.E. 2d 765 (1970). The imposition of a longer sentence than was given in district court is not an unreasonable condition absent an indication the second sentence was increased to penalize a defendant for exercising his rights. The burden is on the defendant to overcome the presumption that a court acted with proper motivation in imposing a more severe sentence. *State v. Stafford,* 274 N.C. 519, 164 S.E. 2d 371 (1968); *State v. Butts,* 22 N.C. App. 504, 206 S.E. 2d 806 (1974). The record in the present case discloses no evidence of vindictiveness in light of the fact that the increased sentence was clearly within statutory limits set out in N.C. Gen. Stat. § 20-179 (1981) for a second offense. Defendant has failed to overcome the presumption that the trial court acted properly in sentencing him.

We find defendant had a fair trial free from prejudicial error.

No error.

Judges WEBB and PHILLIPS concur.