STATE OF NORTH CAROLINA v. JOHN ROBERT CAMERON

No. 11A85

(Filed 1 October 1985)

1. **Criminal Law §§ 138.42, 161.2— failure to find non-statutory mitigating factors —prevention of jailbreak—model prisoner—no abuse of discretion—not properly raised on appeal**

In a prosecution for second degree murder and assault with a deadly weapon, the trial court did not err by not finding as a non-statutory mitigating factor that defendant aided in the prevention of a possible jailbreak. The failure of a trial judge to find a non-statutory mitigating factor, even if the factor is proven by uncontradicted, substantial, manifestly credible evidence, will not be disturbed on appeal absent a showing of abuse of discretion. Defendant did not show that the court's ruling could not have been the result of a reasoned decision; furthermore, an additional assignment of error concerning evidence that defendant was a model prisoner was not presented to the Court of Appeals and was not referred to in the Court of Appeals' dissent. G.S. 15A-1340.4(a), North Carolina Rules of Appellate Procedure 14(b)(1).

**2. Criminal Law § 138.38— failure to find mitigating factor—provocation or extenuating relationship—no error**

In a prosecution for second degree murder and assault with a deadly weapon, the trial court did not err by failing to find as a mitigating factor that the defendant acted under strong provocation or that the relationship between defendant and the victim was otherwise extenuating where defendant's wife informed him that she loved another man and that she desired a separation, defendant and his wife presented contradictory testimony concerning telephone conversations between defendant and his wife's lover which defendant claimed were taunting, defendant broke his wife's jaw after a session with a marriage counselor, defendant became involved in an affair of his own, and defendant shot his wife and a man he mistook for her lover six weeks after the last telephone conversation. The evidence as to the alleged provocation of the telephone calls and of defendant's relationship with his wife was too conflicting to compel a single, rational conclusion. G.S. 15A-1340.4(a)(2).

Justice BILLINGS did not participate in the consideration or decision of this case.

BEFORE *Preston, J.,* at the 18 April 1983 Criminal Session of Superior Court, ALAMANCE County, defendant pled guilty to murder in the second degree and assault with a deadly weapon with intent to kill inflicting serious injury.

The defendant was charged with having committed the murder in the first degree of Harry Clifford Shaw, a man he mistook for his wife's alleged paramour. He was also charged with having, on the same day, feloniously assaulted his wife, Brenda Cameron, with a deadly weapon with intent to kill inflicting serious bodily harm. Following defendant's plea, the trial court conducted an extensive sentencing hearing. In aggravation of defendant's sentence, the trial court specifically found that defendant acted with premeditation and deliberation. Defendant expressly requested that the trial court consider one non-statutory and five statutory mitigating factors. Three mitigating factors were specifically found to exist: that the defendant had no record of criminal convictions; that prior to arrest, or at an early stage of the criminal process, the defendant voluntarily acknowledged wrongdoing to a law enforcement officer; and that the defendant has been a person of good character or has had a good reputation in the community in which he lived and worked. The trial court concluded that the aggravating factor outweighed the mitigating factors and sentenced defendant to forty-five years imprisonment for second-degree murder and ten years imprisonment for feloni-

ous assault, the sentences to run concurrently. Each sentence was in excess of the presumptive term.

From the decision of the Court of Appeals affirming defendant's sentences, 71 N.C. App. 776, 323 S.E. 2d 396 (1984), one judge dissenting, defendant appeals as of right. G.S. § 7A-30(2). As to matters not addressed in Judge Phillips' dissent, this Court denied defendant's writ of certiorari on 2 April 1985.

Other facts which are necessary for a determination of the issues presented for review will be included in the discussion of those issues.

*Lacy H. Thornburg, Attorney General, by George W. Boylan, Assistant Attorney General, for the State.*

*Wishart, Norris, Henninger & Pittman, by June K. Allison, for defendant-appellant.*

MEYER, Justice.

[1] Defendant assigns as error the failure of the trial court to specifically find as an additional mitigating factor the defendant's conduct while confined in the Alamance County jail, in aiding in the prevention of a possible jailbreak by providing information which led to the recovery of eighteen hacksaw blades and the discovery of sawed-through window bars. Defendant contends that, as is the case with a *statutory* mitigating factor, where a *non-statutory* mitigating factor urged is supported by substantial, uncontradicted, and credible evidence and is clearly related to the purposes of sentencing, the Fair Sentencing Act requires the trial judge to consider it. We disagree.

If a sentence greater than the presumptive term is to be imposed upon a defendant, the trial judge must make written findings of aggravating and mitigating factors. G.S. § 15A-1340.4(b). The record must specifically reflect each factor in mitigation or aggravation which the trial judge finds proven by a preponderance of the evidence. *Id.* G.S. § 15A-1340.4 expressly distinguishes between factors which the General Assembly requires trial judges to consider ("statutory factors") and other, "nonstatutory," factors which *may* be considered. Regarding nonstatutory factors that are proven by a preponderance of the evidence and are reasonably related to the purposes of sentenc-

ing, such as conduct while awaiting sentencing, the trial judge *may* consider them, but such consideration is not required. G.S. § 15A-1340.4(a); *State v. Jones*, 309 N.C. 214, 306 S.E. 2d 451 (1983). *See State v. Locklear*, 34 N.C. App. 37, 237 S.E. 2d 289 (1977), *rev'd on other grounds*, 294 N.C. 210, 241 S.E. 2d 65 (1978).

In *State v. Spears*, 314 N.C. 319, 333 S.E. 2d 242 (1985), this Court reviewed the precise issue urged by defendant here, except that in *Spears* the non-statutory mitigating factor urged was the rendering of aid by the defendant to his victim. There, we held that "a trial judge's consideration of a non-statutory factor which is (1) requested by the defendant, (2) proven by uncontradicted, substantial and manifestly credible evidence, and (3) mitigating in effect, is a matter entrusted to the sound discretion of the sentencing judge under N.C.G.S. § 15A-1340.4(a). Thus, his failure to find such a non-statutory mitigating factor will not be disturbed on appeal absent a showing of abuse of discretion." *Spears*, 314 N.C. at 322-23, 333 S.E. 2d at 244.

Defendant argues that evidence was also presented at the sentencing hearing that he was a "model inmate" while incarcerated. Defendant did not present this assignment of error to the Court of Appeals, but instead presented only the question of his aiding in prevention of a possible jailbreak. Though defendant's assignment of error before this Court includes this new contention, our review must be limited to the issue or issues presented to the Court of Appeals and which are the basis of the dissenting opinion where, as is the case here, an appeal is premised on the dissent. N.C.R. App. P. 14(b)(1). Because Judge Phillips' dissenting commentary addressed only defendant's "preventing a jailbreak" and made no reference to defendant's otherwise exemplary conduct while incarcerated, our consideration of whether the trial judge abused his discretion is confined to the evidence regarding defendant's "preventing a jailbreak."

A ruling committed to a trial judge's discretion will be upset only upon a showing that it could not have been the result of a reasoned decision. *State v. Lyszaj*, 314 N.C. 256, 333 S.E. 2d 288 (1985); *White v. White*, 312 N.C. 770, 324 S.E. 2d 829 (1985). Defendant has failed to make such a showing, and we fail to find any abuse of discretion to have occurred. Therefore, we hold that the trial court did not err in failing to find defendant's possible

prevention of a jailbreak as a mitigating factor. This assignment of error is overruled.

As we indicated in *Spears,* the power to determine those statutory mitigating and aggravating factors which *must* be considered by the sentencing judge lies solely within the discretion of the legislature. Should the legislature deem it appropriate to amend G.S. § 15A-1340.4(a)(2) to include "aiding in the prevention of a jailbreak," it may do so. We decline to add this factor to that list under the guise of judicial construction.

[2] Defendant also assigns as error the failure of the trial court to find as an additional mitigating factor that the defendant acted under strong provocation or that the relationship between defendant and victim was otherwise extenuating. Defendant contends that the breakup of his marriage and certain events associated therewith contributed to his conduct and should have been found by the trial court in mitigation. This contention is without merit.

Enumerated in G.S. § 15A-1340.4(a)(2) are the statutory factors which *must* be considered by the sentencing judge. The mitigating factor urged here is included. G.S. § 15A-1340.4(a)(2)(i). A duty is placed upon the judge to examine the evidence to determine if it would support any of the statutory factors even absent a request by counsel. *State v. Gardner,* 312 N.C. 70, 320 S.E. 2d 688 (1984). The sentencing judge is required to find a statutory factor when the evidence in support of it is uncontradicted, substantial, and manifestly credible. *State v. Jones,* 309 N.C. 214, 306 S.E. 2d 451 (1983). Failure to find a statutory factor so supported is reversible error. *See State v. Spears,* 314 N.C. 319, 333 S.E. 2d 242.

The evidence presented at the sentencing hearing revealed the following sequence of events. On 19 February 1982, defendant's wife of nineteen years, Brenda Cameron, informed defendant that she loved another man and that she desired a separation. Brenda Cameron testified that defendant demanded that she call her lover and tell him that she did not love him and that she wished to remain with defendant, and that defendant jerked the telephone from her hand and told the man that "if he did not stay away from me that he was going to kill him." According to defendant, his wife handed him the telephone and, when he inquired

into the paramour's identity, the man laughed at him, taunted him, and told him to kill himself.

On 24 February 1985, Brenda Cameron accompanied defendant to a marriage counsellor. While there, Mrs. Cameron openly confessed her affair with Roger Gerringer and indicated that her only purpose in meeting with the counsellor was that the defendant "needed help." Defendant testified that his wife told the counsellor that the affair was some two years old; but, according to Brenda Cameron, the affair had only existed for some six months. After returning home from the marriage counsellor, defendant struck his wife and broke her jaw, which required her hospitalization. Brenda Cameron further testified that the next day, while at the hospital, defendant again ordered her to call Roger Gerringer, that he grabbed the phone from her, and that he threatened Gerringer over the telephone. Defendant's testimony contradicted that of his wife and paralleled his testimony concerning the original telephone call.

In mid-March 1982, defendant became involved in his own sexual affair with Angela Barnette, an associate from his place of employment.

On 4 April 1982, defendant telephoned his wife and requested that she attend to their youngest child, who defendant stated was sick. Defendant met his wife in the driveway of their home and, after she refused to go inside with him, shot her in the shoulder with a .38 caliber pistol. Later that afternoon, defendant carried a .30 caliber rifle to the mobile home where Roger Gerringer resided and shot Harry Clifford Shaw, who defendant mistook for Gerringer.

Defendant argues that the evidence of provocation of the telephone calls was "uncontradicted." We fail to see any basis for this argument. Any connection between defendant's criminal actions for which he later pled guilty and the taunting telephone calls, even in the light most favorable to defendant, is tenuous at most, especially in view of the almost six weeks that separated the last telephone conversation between defendant and his wife's paramour and his criminal actions. Likewise, defendant's professed concern for his wife is questionable in view of his sexual relationship with Angela Barnette. The evidence as to the alleged provocation of the telephone calls and of defendant's relationship

with his wife is simply too conflicting to compel a single, rational conclusion. The trial judge did not err in denying defendant the benefit of this statutory factor.

For the foregoing reasons, we affirm the decision of the Court of Appeals.

Affirmed.

Justice BILLINGS did not participate in the consideration or decision of this case.