NO. COA13-764

NORTH CAROLINA COURT OF APPEALS

Filed:  1 April 2014

STATE OF NORTH CAROLINA

   v.

JOANNA LEIGH BECK

Mecklenburg County
No. 09 CRS 259652


Appeal by defendant from judgment entered 26 November 2012 by Judge Christopher W. Bragg in Mecklenburg County Superior Court.  Heard in the Court of Appeals 20 November 2013.

> *Roy Cooper, Attorney General, by Joseph L. Hyde, Assistant Attorney General, for the State.*

> *Rudolf Widenhouse & Fialko, by M. Gordon Widenhouse, Jr., for defendant-appellant.*


DAVIS, Judge.

Joanna Leigh Beck ("Defendant") appeals from a judgment entered upon a jury verdict finding her guilty of driving while impaired.  Defendant's sole argument on appeal is that the trial court erred in denying her request for a special jury instruction regarding the jury's ability to determine the weight to be accorded to the results of a chemical analysis.  After careful review, we conclude that Defendant received a fair trial free from error.

**Factual Background**

Defendant was arrested on 12 December 2009 at a checkpoint and charged with driving while impaired. Defendant was convicted in Mecklenburg County District Court, and she appealed to the superior court for a trial *de novo*.

At trial, the State's evidence tended to show the following: On 12 December 2009, at approximately 1:00 a.m., Officer Matthew Pressley ("Officer Pressley") of the Charlotte-Mecklenburg Police Department was assisting with an impaired driving checkpoint on Park Road near Archdale Drive. Officer Pressley approached Defendant's vehicle and asked for her license. As he spoke to Defendant, he observed that her eyes were "glossy and bloodshot" and that there was "a strong odor of alcoholic beverage about her breath." Officer Pressley asked Defendant if she had been drinking that evening, and she responded that she had consumed two mixed vodka drinks. Officer Pressley then asked Defendant to step out of her vehicle.

Officer Pressley administered three field sobriety tests: (1) the horizontal gaze nystagmus test; (2) the walk-and-turn test; and (3) the one-leg stand test. Based on Defendant's performance on these three tests, Officer Pressley believed that she was impaired. He arrested Defendant and then administered a

"breath test," using the Intoxilyzer EC/IR II machine. The machine registered that Defendant's breath sample had an alcohol concentration of .10.

Defendant presented evidence at trial, including expert testimony from Julian Douglas Scott ("Scott"), who was accepted by the trial court as an expert witness in the detection of impaired driving and in the administration of standardized field sobriety tests. Scott disagreed with several of Officer Pressley's conclusions regarding how many signs of impairment could be gleaned from Defendant's performance on the tests Officer Pressley had administered. Scott also opined that Officer Pressley should have conducted several additional field sobriety tests before concluding that Defendant was impaired.

At the charge conference, Defendant objected to the use of the pattern jury instruction for the offense of driving while impaired and proposed adding one of two alternative special instructions emphasizing to the jury that it was not *compelled* to find that Defendant's blood alcohol concentration was .08 or above based on the results of a chemical analysis indicating that Defendant's blood alcohol concentration was .08 or above. The trial court declined to give either of the requested

instructions and instead used Pattern Instruction 270.20A to instruct the jury as to the driving while impaired charge.

The jury found Defendant guilty of driving while impaired, and the trial court entered judgment on the verdict. The trial court sentenced Defendant to 60 days imprisonment, suspended the sentence, and placed her on 12 months of unsupervised probation. Defendant gave timely notice of appeal.

**Analysis**

Defendant argues that the trial court erred in denying her request for a special jury instruction because the pattern instruction used by the trial court misled the jury. We disagree.

The trial court — using Pattern Jury Instruction 270.20A — charged the jury in pertinent part as follows:

> The defendant has been charged with impaired driving. For you to find the defendant guilty of this offense, the State must prove three things beyond a reasonable doubt:
>
> First, that the defendant was driving . . . . a vehicle.
>
> Second, that the defendant was driving that vehicle upon a street within the state.
>
> And, third, that at the time the defendant was driving that vehicle, the defendant: One, was under the influence of an impairing substance. Alcohol is an

impairing substance.  The defendant is under the influence of an impairing substance when the defendant has consumed a sufficient quantity of that impairing substance to cause the defendant to lose the normal control of the defendant's bodily or mental faculties or both to an extent that there has been appreciable impairment of either or both of these faculties; or, two, had consumed sufficient alcohol that at any relevant time after the driving the defendant had an alcohol concentration of 0.08 or more grams of alcohol per 210 liters of breath.  A relevant time is anytime after the driving that the driver still has in the body alcohol consumed before or during the driving.

The results of a chemical analysis are deemed sufficient evidence to prove a person's alcohol concentration.  If you find from the evidence beyond a reasonable doubt that on or about the alleged date the defendant drove a vehicle on a street in this state and that when doing so the defendant was under the influence of an impairing substance or had consumed sufficient alcohol that at any relevant time after the driving the defendant had an alcohol concentration of 0.08 or more, it would be your duty to return a verdict of guilty.  If you do not so find or have a reasonable doubt as to one or more of these things, it would be your duty to return a verdict of not guilty.

The special instructions requested by Defendant would have informed the jury that (1) the results of the chemical analysis did not create a presumption that Defendant was impaired or that Defendant had an alcohol concentration of .08 or greater; (2)

the jury was permitted to find that Defendant had an alcohol concentration of .08 or greater based on the results of the chemical analysis but was not required to do so; and (3) the jury was allowed to consider the credibility and weight to be accorded to the results of the chemical analysis.

When a defendant requests a special jury instruction, "the trial court is not required to give [the] requested instruction in the exact language of the request. However, when the request is correct in law and supported by the evidence in the case, the court must give the instruction in substance." *State v. Monk*, 291 N.C. 37, 54, 229 S.E.2d 163, 174 (1976). Thus, in order for a defendant to establish error, she "must show that the requested instructions were not given in substance and that substantial evidence supported the omitted instructions." *State v. Garvick*, 98 N.C. App. 556, 568, 392 S.E.2d 115, 122, *aff'd per curiam*, 327 N.C. 627, 398 S.E.2d 330 (1990). The defendant also bears the burden of showing that the jury was misled or misinformed by the instructions given. *State v. Blizzard*, 169 N.C. App. 285, 297, 610 S.E.2d 245, 253 (2005).

In *Garvick*, the defendant requested a similar instruction relating to the results of a chemical analysis in connection with a driving while impaired charge. *Garvick*, 98 N.C. App. at

567-68, 392 S.E.2d at 122. The requested instruction stated as follows: "[N]o legal presumption attaches to the results of a breathalyzer test. You, members of the jury, are still at liberty to acquit the defendant if you find that his alcohol concentration was not proven to be [.08] or more . . . beyond a reasonable doubt." *Id.* at 567, 392 S.E.2d at 122. We concluded that the language of the pattern jury instruction contained the defendant's requested instruction in substance because it explained to the jury that it must be convinced beyond a reasonable doubt that the defendant's alcohol concentration was above the legal limit. *Id.* at 568, 392 S.E.2d at 122.

Likewise, in the present case, the trial court's use of the pattern jury instruction informed the jury that in order to return a verdict of guilty, it must be convinced beyond a reasonable doubt that Defendant's alcohol concentration was .08 or more. This instruction informed the jury, in substance, that it was not compelled to return a guilty verdict based simply on the chemical analysis results showing a .10 alcohol concentration.

Furthermore, as Defendant acknowledges, this Court has already determined that the language in the pattern jury instruction stating that the "results of a chemical analysis are

deemed sufficient evidence to prove a person's alcohol concentration" does not create an impermissible mandatory presumption. *State v. Narron*, 193 N.C. App. 76, 85, 666 S.E.2d 860, 866 (2008), *disc. review denied*, 363 N.C. 135, 674 S.E.2d 140, *cert. denied*, 558 U.S. 818, 175 L.Ed.2d 26 (2009). Rather, as we explained in *Narron*, this quoted language — which is used in both the driving while impaired statute (N.C. Gen. Stat. § 20-138.1) and the pattern jury instruction — "simply authorizes the jury to find that the report is what it purports to be — the results of a chemical analysis showing the defendant's alcohol concentration." *Id.* at 84, 666 S.E.2d at 866.

Defendant argues that this language in the trial court's instructions likely misled the jury and caused it to erroneously believe that "it could not consider [the] positive evidence of [Defendant's] non-impairment in deciding whether the results of the chemical analysis were credible and what weight to give it." Accordingly, she argues, the requested instruction was necessary to inform the jury that it had the ability to conclude that the results of the chemical analysis were not credible.

However, Defendant's argument ignores the fact that the trial court expressly instructed the jury that (1) it was the "sole judge[] of the weight to be given [to] any evidence"; (2)

it was the jury's "duty to decide from [the] evidence what the facts are"; (3) the jury "should weigh all the evidence in the case"; and (4) the jury "should consider all of the evidence."

These instructions informed the jury that it possessed the authority to determine the weight of any evidence offered to show that Defendant was — or was not — impaired. *See State v. Nicholson*, 355 N.C. 1, 60, 558 S.E.2d 109, 148, *cert. denied*, 537 U.S. 845, 154 L.Ed.2d 71 (2002) ("We presume that jurors pay close attention to the particular language of the judge's instructions in a criminal case and that they undertake to understand, comprehend, and follow the instructions as given." (citation and internal quotation marks omitted)); *State v. Holden*, 346 N.C. 404, 438-39, 488 S.E.2d 514, 533 (1997) ("In determining the propriety of the trial judge's charge to the jury, the reviewing court must consider the instructions in their entirety, and not in detached fragments." (citation, quotation marks, and brackets omitted)), *cert. denied*, 522 U.S. 1126, 140 L.Ed.2d 132 (1998).

We therefore conclude that the trial court did not err in declining to give either of the special instructions requested by Defendant. Accordingly, Defendant's argument is overruled.

**Conclusion**

For the reasons stated above, we conclude that Defendant received a fair trial free from error.

NO ERROR.

Judges ELMORE and McCULLOUGH concur.