IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-457

 No. COA 20-722

 Filed 7 September 2021

 Johnston County, No. 18 CRS 57669

 STATE OF NORTH CAROLINA

 v.

 PAYTON B. GUERRERO, Defendant.

 Appeal by Defendant from judgment entered 16 December 2019 by Judge Keith

 O. Gregory in Johnston County Superior Court. Heard in the Court of Appeals 10

 August 2021.

 Attorney General Joshua H. Stein, by Assistant Attorney General Kindelle
 McCullen, for the State.

 John P. O’Hale for Defendant.

 GRIFFIN, Judge.

¶1 Defendant Payton B. Guerrero appeals from a judgment entered after a jury

 found him guilty of impaired driving. Defendant argues that the trial court erred by

 (1) denying Defendant’s request for a special jury instruction; (2) failing to find two

 statutorily mandated mitigating factors; and (3) sentencing Defendant more harshly

 for exercising his right to a jury trial. We conclude that Defendant received a fair

 trial, free from reversible error.

 I. Factual and Procedural History
 STATE V. GUERRERO

 2021-NCCOA-457

 Opinion of the Court

¶2 On 15 December 2018, a North Carolina State Highway Patrol trooper placed

 Defendant under arrest for driving while impaired. The trooper took Defendant to

 the Johnston County Jail where Defendant provided a breath sample to be analyzed

 by the Intoximeter EC/IR II. The Intoximeter reported an alcohol concentration of

 0.09.

¶3 Defendant pled not guilty to impaired driving in Johnston County District

 Court. Following a bench trial, the judge found Defendant guilty of impaired driving

 and imposed a Level Five sentence pursuant to N.C. Gen. Stat. § 20-179. Defendant

 gave notice of appeal in open court.

¶4 The case was called for trial in Johnston County Superior Court. Defendant

 submitted a request for the following special jury instruction:

 I instruct you, ladies and gentlemen of the jury, that phrase
 “once it is determined that the chemical analysis of the
 defendant’s breath was performed in accordance with the
 applicable rules and regulations, then a reading of 0.08 or
 more grams of alcohol per 210 liters of breath constitutes
 reliable evidence and is sufficient to satisfy the State’s
 burden of proof as to this element of the offense of DWI” is
 a statement of the standard for prima facie evidence of a
 person’s alcohol concentration sufficient to submit the case
 to the jury for its consideration. This statement does not
 create a legal presumption of the defendant’s alcohol
 concentration or the defendant’s guilt. As I have earlier
 instructed you what, if anything, the evidence tends to
 show, is for you, the members of the jury, to determine.

 The trial judge denied Defendant’s request for the special jury instruction and
 STATE V. GUERRERO

 2021-NCCOA-457

 Opinion of the Court

 delivered the following Pattern Instruction to the jury:

 [D]efendant has been charged with impaired driving. For
 you to find [D]efendant guilty of this offense, the State
 must prove three things beyond a reasonable doubt: First,
 that [D]efendant was driving a vehicle; second, that
 [D]efendant was driving that vehicle upon a highway or
 street within the state . . .[;] and third, at the time
 [D]efendant was driving that vehicle, [D]efendant had . . .
 consumed sufficient alcohol that at any relevant time after
 the driving [D]efendant had an alcohol concentration of
 0.08 or more grams of alcohol per . . . 210 liters of breath.
 A relevant time is any time after the driving that the driver
 still has in the body alcohol consumed before or during the
 driving. The results of a chemical analysis are deemed
 sufficient evidence to prove a person’s alcohol
 concentration.

 Additionally, the judge instructed the jurors that (1) they “are the sole judges of the

 weight to be given to any evidence”; (2) they “should weigh all the evidence in the

 case”; (3) they “should consider all the evidence”; and (4) “it is [their] duty to find the

 facts and to render a verdict reflecting the truth.” The jury found Defendant guilty

 of impaired driving.

¶5 The judge held a sentencing hearing after the jury returned its verdict. The

 judge did not find any aggravating factors. Defendant argued for three statutorily

 mandated mitigating factors: (1) Defendant had a slight impairment of his faculties

 resulting solely from alcohol, and Defendant’s alcohol concentration did not exceed

 0.09 at any relevant time after the driving; (2) Defendant had a safe driving record;

 and (3) Defendant voluntarily submitted himself to a mental health facility for
 STATE V. GUERRERO

 2021-NCCOA-457

 Opinion of the Court

 assessment and had voluntarily participated in all treatment recommended by such

 facility. Defendant submitted his driving record and substance abuse assessment to

 the court without objection from the State. Defendant did not submit proof that he

 voluntarily participated in the Alcohol Drug Education Traffic School (“ADETS”)

 program recommended by his substance abuse assessment.

¶6 During the sentencing hearing, the judge stated,

 I spoke to the attorneys, and I made an overture, and I said,
 [b]ased on the evidence, I’ll give you the same thing that
 Judge Willis gave you, if you want to accept responsibility
 and move forward. Mr. O’Hale said, Judge, he has a right
 to a trial. And I said, I know. But I wanted to make sure
 that if we could work this out, because I said, with the
 number, there’s a strong possibility this jury will come back
 with a guilty plea – a guilty verdict. I mean, jurors hear
 numbers. Now, one of the things about at the superior
 court level, my job is not to punish you because you didn’t
 take an offer. That’s not what it’s about. My job is to be
 fair and impartial, as I’m always going to be.

 The judge subsequently asked Defendant,

 [L]et me ask you. You need to tell me the truth on this.
 Don’t lie to me. If I have you tested today, what are you
 going to test illegal for? If it’s marijuana or something like
 that, just tell me the truth now. Don’t lie. Because if I have
 you tested and you lie, I’m going to hold you in contempt
 and give you 30 days. What will you test positive for if I
 test you today?

 DEFENDANT: Just marijuana.
 STATE V. GUERRERO

 2021-NCCOA-457

 Opinion of the Court

 Defendant did not assert his Fifth Amendment privilege or object when the judge

 questioned him about his prior drug use. Counsel for Defendant was present, but

 Defendant did not ask to speak with his attorney and did not have any conference

 with counsel.

¶7 The judge ultimately found one mitigating factor: that Defendant had a slight

 impairment of his faculties resulting solely from alcohol, and Defendant’s alcohol

 concentration did not exceed 0.09 at any relevant time after the driving. He imposed

 a Level Five sentence. The judge sentenced Defendant to sixty days in jail and

 suspended the sentence. The judge placed Defendant on twelve months of supervised

 probation, “having received evidence and having found as fact that supervision is

 necessary.” The special conditions of probation ordered that Defendant surrender his

 driver’s license, complete twenty-four hours of community service within 180 days of

 the probation period, attend two Narcotics or Alcohol Anonymous classes per week,

 be tested for illegal substances thirty days from the sentencing date, and “remain on

 probation for the entire 12 [months].”

 II. Analysis

¶8 Defendant argues that the trial court erred by (1) denying Defendant’s request

 for a special jury instruction; (2) failing to find two statutory mitigating factors; and

 (3) sentencing Defendant more harshly for exercising his right to a jury trial.

 A. Jury Instruction
 STATE V. GUERRERO

 2021-NCCOA-457

 Opinion of the Court

¶9 Defendant argues that the trial court erred by “not instructing the jury on . . .

 how to fully evaluate the State’s Intoximeter evidence.” Defendant claims the

 Pattern Instruction did not allow the jury an “adequate opportunity to fully weigh”

 the Intoximeter evidence “from the point of view of [Defendant’s]’s theory of the case.”

 We disagree.

 When a request is made for a specific instruction, correct
 in itself and supported by evidence, the trial court, while
 not obliged to adopt the precise language of the prayer, is
 nevertheless required to give the instruction, in substance
 at least, and unless this is done, either in direct response
 to the prayer or otherwise in some portion of the charge,
 the failure will constitute reversible error.

 Calhoun v. State Highway and Pub. Works Comm’n, 208 N.C. 424, 426, 181 S.E. 271,

 272 (1935). Thus, “[a] specific jury instruction should be given when ‘(1) the requested

 instruction was a correct statement of law and (2) was supported by the evidence, and

 that (3) the instruction given, considered in its entirety, failed to encompass the

 substance of the law requested and (4) such failure likely misled the jury.’” Outlaw

 v. Johnson, 190 N.C. App. 233, 243, 660 S.E.2d 550, 559 (2008) (quoting Liborio v.

 King, 150 N.C. App. 531, 534, 564 S.E.2d 272, 274 (2002)). “Failure to give a

 requested and appropriate jury instruction is reversible error if the requesting party

 is prejudiced as a result of the omission.” Id.

¶ 10 In North Carolina, “[a] person commits the offense of impaired driving” when

 the individual
 STATE V. GUERRERO

 2021-NCCOA-457

 Opinion of the Court

 drives any vehicle upon any highway, any street, or any public
 vehicular area within this State . . . [a]fter having consumed
 sufficient alcohol that he has, at any relevant time after the
 driving, an alcohol concentration of 0.08 or more. The results of
 a chemical analysis shall be deemed sufficient evidence to prove
 a person’s alcohol concentration.

 N.C. Gen. Stat. § 20-138.1(a)(2) (2019). The phrase “results of a chemical analysis

 shall be deemed sufficient evidence to prove a person’s alcohol concentration” is a

 “statement of the standard for prima facie evidence of a person’s alcohol

 concentration” and “does not create a legal presumption” or “prejudice to the

 defendant.” State v. Narron, 193 N.C. App. 76, 84–85, 666 S.E.2d 860, 865–66 (2008)

 (internal marks omitted). Instead, “[t]he statute simply authorizes the jury to find

 that the report is what it purports to be—the results of a chemical analysis showing

 the defendant’s alcohol concentration.” Id. at 84, 666 S.E.2d at 866.

¶ 11 Similarly, the North Carolina Supreme Court has held that the pattern jury

 instruction’s language stating the results of a chemical analysis shall be “deemed

 sufficient evidence to prove a person’s alcohol concentration[,]” and the language

 “adequately convey[s] the substance of [the] defendant’s requested instructions”

 when additional language explains that the jurors are “the sole judges of the

 credibility of each witness and the weight to be given to the testimony of each witness”

 and “that if they decided that certain evidence was believable, they must then

 determine the importance of that evidence in light of all other believable evidence in
 STATE V. GUERRERO

 2021-NCCOA-457

 Opinion of the Court

 the case.” State v. Godwin, 369 N.C. 604, 614–15, 800 S.E.2d 47, 53–54 (2017)

 (internal quotation marks omitted).

¶ 12 In State v. Beck, this Court held that instructing the jury that “(1) it was the

 ‘sole judge[] of the weight to be given [to] any evidence’; (2) it was the jury’s ‘duty to

 decide from [the] evidence what the facts are’; (3) the jury ‘should weigh all the

 evidence in the case’; and (4) the jury ‘should consider all of the evidence’” lets the

 jury know “that it possesse[s] the authority to determine the weight of any evidence

 offered to show that the [d]efendant was—or was not—impaired.” State v. Beck, 233

 N.C. App. 168, 172, 756 S.E.2d 80, 83 (2014). Thus, statements such as these “signal[]

 to the jury that it [is] free to analyze and weigh the effect of the breathalyzer evidence

 along with all the evidence presented during the trial.” Godwin, at 614, 800 S.E.2d

 at 54.

¶ 13 In the present case, the trial court’s instruction, “in its entirety . . .

 encompass[es] the substance of the law requested.” Outlaw, 190 N.C. App. at 243,

 660 S.E.2d at 559. Further, the trial judge instructed the jurors that (1) they “are the

 sole judges of the weight to be given to any evidence”; (2) they “should weigh all the

 evidence in the case”; (3) they “should consider all the evidence”; and (4) “it is [their]

 duty to find the facts and to render a verdict reflecting the truth.” The jury was not

 misled. As in Godwin and Beck, these statements “signaled to the jury that [they

 were] free to analyze and weigh the effect of the [Intoximeter] evidence along with all
 STATE V. GUERRERO

 2021-NCCOA-457

 Opinion of the Court

 the evidence presented during the trial.” Godwin, at 614, 800 S.E.2d at 54.

 B. Mitigating Factors

¶ 14 Defendant argues that the trial court erred by failing to find two statutory

 mitigating factors. Defendant argues this error is prejudicial because he received

 supervised probation as part of his sentence. We disagree.

¶ 15 N.C. Gen. Stat. § 20-179 governs the sentencing of defendants convicted of

 impaired driving. State v. Geisslercrain, 233 N.C. App. 186, 190, 756 S.E.2d 92, 95

 (2014). “[A] defendant’s sentencing range under N.C. Gen. Stat. § 20-179 is

 determined by the existence and balancing of aggravating and mitigating factors,”

 id., and once a defendant is convicted for impaired driving, “the judge shall hold a

 sentencing hearing to determine whether there are aggravating or mitigating factors

 that affect the sentence to be imposed.” N.C. Gen. Stat. § 20-179(a) (2019). “The

 offender bears the burden of proving by a preponderance of the evidence that a

 mitigating factor exists.” N.C. Gen. Stat. § 20-179(a)(1) (2019). “The sentencing judge

 is required to find a statutory factor when the evidence in support of it is

 uncontradicted, substantial, and manifestly credible.” State v. Cameron, 314 N.C.

 516, 520, 335 S.E.2d 9, 11 (1985). “[W]henever there is error in a sentencing judge’s

 failure to find a statutory mitigating circumstance and a sentence in excess of the

 presumptive term is imposed, the matter must be remanded for a new sentencing

 hearing.” State v. Daniel, 319 N.C. 308, 315, 354 S.E.2d 216, 220 (1987) (emphasis
 STATE V. GUERRERO

 2021-NCCOA-457

 Opinion of the Court

 added).

¶ 16 “Under [N.C. Gen. Stat.] § 20-179, there are six sentencing ranges.”

 Geisslercrain, 233 N.C. App. at 190, 756 S.E.2d at 95. “[T]he trial court is afforded

 much less discretion in sentencing under N.C. Gen. Stat. § 20-179 than under the

 Structured Sentencing Act.” Id. “The statutes governing [impaired driving]

 sentencing are quite systematic and tiered, thus leaving little room to exercise

 discretion.” State v. Weaver, 91 N.C. App. 413, 415–16, 371 S.E.2d 759, 760 (1988).

 [T]he process resembles “pigeonholing” as the statutes
 supply the trial judge with the step-by-step formula; i.e.,
 to review the evidence, to determine whether the evidence
 supports the factors listed in gross aggravation,
 aggravation, or mitigation, to weigh the factors supported
 by the evidence, and to determine the level of
 punishment.

 Id. at 416, 371 S.E.2d at 760. “[I]f the trial court determines that [t]he mitigating

 factors substantially outweigh any aggravating factors, the trial court must impose a

 Level Five punishment.” Geisslercrain, 233 N.C. App. at 191, 756 S.E.2d at 95

 (internal quotation marks omitted); N.C. Gen. Stat. § 20-179(f)(3) (2019). Level Five

 is the minimum sentencing level that a defendant can statutorily receive for impaired

 driving. N.C. Gen. Stat. §§ 20-179(f3)–(k) (2019). A Level Five sentence permits that

 a defendant

 may be fined up to two hundred dollars [] and shall be
 sentenced to a term of imprisonment that includes a
 minimum term of not less than 24 hours and a maximum
 STATE V. GUERRERO

 2021-NCCOA-457

 Opinion of the Court

 term of not more than 60 days. The term of imprisonment
 may be suspended. However, the suspended sentence shall
 include the condition that the defendant: (1) Be imprisoned
 for a term of 24 hours as a condition of special probation;
 or (2) Perform community service for a term of 24 hours; or
 . . . (4) Any combination of these conditions.

 N.C. Gen. Stat. § 20-179(k) (2019). Additionally, a defendant may be placed on

 probation as part of a Level Five sentence. Id. (“If the defendant is placed on

 probation, the judge shall impose a requirement that the defendant obtain a

 substance abuse assessment and the education or treatment required by [N.C. Gen.

 Stat. §] 20-17.6 for the restoration of a drivers license and as a condition of

 probation.”). The General Assembly has provided trial courts a great deal of

 discretion in choosing the appropriate punishment within Level Five, including the

 choice between supervised and unsupervised probation. N.C. Gen. Stat. §§ 20-179(k),

 (r).

¶ 17 In this case, Defendant did not establish the first mitigating factor he argues

 for: that Defendant voluntarily submitted himself to a mental health facility for

 assessment and has voluntarily participated in any treatment recommended by such

 facility. No evidence in the record shows that Defendant voluntarily participated in

 the ADETS treatment recommended by his substance abuse assessment.

¶ 18 As to the second mitigating factor—that Defendant had a safe driving record—

 we hold that Defendant met his burden of proof “by a preponderance of the evidence
 STATE V. GUERRERO

 2021-NCCOA-457

 Opinion of the Court

 that a mitigating factor exists.” N.C. Gen. Stat. § 20-179(a)(1). Defendant submitted

 his driving record to the court without objection from the State. “[T]he evidence in

 support of [this factor was] uncontradicted, substantial, and manifestly credible.”

 Cameron, 314 N.C. at 520, 335 S.E.2d at 11. Therefore, the trial judge erred by failing

 to find this statutory factor.

¶ 19 However, the trial judge did not impose “a sentence in excess of the

 presumptive term.” Daniel, 319 N.C. at 315, 354 S.E.2d at 220. Using the “step-by-

 step formula” under the impaired driving sentencing statutes, the trial judge

 “determine[d] that [t]he mitigating factors substantially outweigh[ed] any

 aggravating factors,” so, the judge imposed a Level Five punishment under N.C. Gen.

 Stat. § 20-179. Weaver, 91 N.C. App. at 416, 371 S.E.2d at 760; Geisslercrain, 233

 N.C. App. at 191, 756 S.E.2d at 95 (internal quotation marks omitted); N.C. Gen.

 Stat. § 20-179(f)(3).

¶ 20 Even if the trial judge had found the two additional mitigating factors, the

 judge could not have sentenced Defendant at a lower sentencing level under the

 “systematic and tiered” impaired driving statutes. Weaver, 91 N.C. App. at 415–16,

 371 S.E.2d at 760. Defendant’s Level Five sentence, including probation, was allowed

 under the impaired driving statutes. N.C. Gen. Stat. § 20-179(k). Accordingly,

 Defendant cannot establish that he was prejudiced by the trial court’s failure to find

 his safe driving record as a mitigating factor.
 STATE V. GUERRERO

 2021-NCCOA-457

 Opinion of the Court

¶ 21 It is important to emphasize that trial courts are mandated by N.C. Gen. Stat.

 § 20-179(e) to determine whether statutory mitigating factors are apparent before

 imposing a sentence: “The judge shall . . . determine before sentencing under

 subsection (f) of this section whether any of the mitigating factors listed [in subsection

 (e)] apply to the defendant.” N.C. Gen. Stat. § 20-179(e) (2019). Prior to sentencing,

 the trial judge stated, “[M]y hands are tied. I do have to find the mitigating factors.

 You’re right. And I respect that, and I’m going to find that mitigating factors exist.”

 Instead, the judge only found one mitigating factor in writing: slight impairment of

 Defendant’s faculties. Moreover, the judge did not orally state his findings regarding

 this factor or any other factor in mitigation before pronouncing Defendant’s sentence.

 Although the judge repeatedly spoke of his “responsibility” as superior to the

 “objectives” of the litigants before the court, the judge did not fulfill his statutorily

 mandated responsibility to find mitigating factors. This is despite the fact that

 evidence supporting the mitigating factor was “uncontradicted, substantial, and

 manifestly credible.” Cameron, 314 N.C. at 520, 335 S.E.2d at 11.

¶ 22 Although we discern no reversible error, it is important for trial judges to follow

 through with their responsibility to determine mitigating factors orally and in writing

 before imposing a sentence. Aside from being mandated by statute, this

 responsibility is integral to promoting our courts’ interests in procedural fairness,

 transparency, and respect for litigants before the court.
 STATE V. GUERRERO

 2021-NCCOA-457

 Opinion of the Court

 C. Constitutional Error

¶ 23 Defendant contends that the trial court erred by sentencing Defendant more

 harshly because (1) Defendant exercised his right to a trial by jury, and (2) “the trial

 court relied on . . . uncharged criminal conduct not found by the jury.” Defendant

 claims his arguments are evidenced by the trial judge stating the following:

 Now, as I said in chambers, I have no qualm saying it here,
 I spoke to the attorneys, and I made an overture, and I said,
 [b]ased on the evidence, I’ll give you the same thing that
 Judge Willis gave you, if you want to accept responsibility
 and move forward. Mr. O’Hale said, Judge, he has a right
 to a trial. And I said, I know. But I wanted to make sure
 that if we could work this out, because I said, with the
 number, there’s a strong possibility this jury will come back
 with a guilty plea – a guilty verdict. I mean, jurors hear
 numbers. Now, one of the things about at the superior
 court level, my job is not to punish you because you didn’t
 take an offer. That’s not what it’s about. My job is to be
 fair and impartial, as I’m always going to be.

 The judge continued speaking to Defendant:

 THE COURT: [L]et me ask you. You need to tell me the
 truth on this. Don’t lie to me. If I have you tested today,
 what are you going to test illegal for? If it’s marijuana or
 something like that, just tell me the truth now. Don’t lie.
 Because if I have you tested and you lie, I’m going to hold
 you in contempt and give you 30 days. What will you test
 positive for if I test you today?

 DEFENDANT: Just marijuana.

 We disagree with Defendant’s two arguments.

¶ 24 “The standard of review for questions concerning constitutional rights is de
 STATE V. GUERRERO

 2021-NCCOA-457

 Opinion of the Court

 novo.” State v. Fernandez, 256 N.C. App. 539, 544 808 S.E.2d 362, 367 (2017).

 Further, “[t]he extent to which a trial court imposed a sentence based upon an

 improper consideration is a question of law subject to de novo review.” State v.

 Johnson, 265 N.C. App. 85, 87, 827 S.E.2d 139, 141 (2019).

 The primary purposes of sentencing a person convicted of
 a crime are to impose a punishment commensurate with
 the injury the offense has caused, taking into account
 factors that may diminish or increase the offender's
 culpability; to protect the public by restraining offenders;
 to assist the offender toward rehabilitation and restoration
 to the community as a lawful citizen; and to provide a
 general deterrent to criminal behavior.

 N.C. Gen. Stat. § 15A-1340.12 (2019). “[I]n determining the sentence to be imposed,

 the trial judge may consider such matters as the age, character, education,

 environment, habits, mentality, propensities and record of the defendant.” Johnson,

 265 N.C. App. at 87–88, 827 S.E.2d at 141. “Such an inquiry is needed if the

 imposition of the criminal sanction is to best serve the goals of the substantive

 criminal law.” State v. Smith, 300 N.C. 71, 82, 265 S.E.2d 164, 171 (1980) (finding

 that the trial judge’s questions to the defendant about his prior criminal record was

 appropriate and that the defendant’s failure to object or assert his Fifth Amendment

 privilege amounted to a waiver on appeal).

¶ 25 “The trial judge may also take into account the seriousness of a particular

 offense when exercising its discretion to decide the minimum term to impose within
 STATE V. GUERRERO

 2021-NCCOA-457

 Opinion of the Court

 the presumptive range.” Johnson, 265 N.C. App. at 88, 827 S.E.2d at 141. “While a

 sentence within the statutory limit will be presumed regular and valid, such a

 presumption is not conclusive.” State v. Johnson, 320 N.C. 746, 753, 360 S.E.2d 676,

 681 (1987). “If the record discloses that the court considered irrelevant and improper

 matter in determining the severity of the sentence, the presumption of regularity is

 overcome, and the sentence is in violation of defendant's rights.” Id. “A criminal

 defendant may not be punished at sentencing for exercising [his] constitutional right

 to trial by jury.” State v. Cannon, 326 N.C. 37, 39, 387 S.E.2d 450, 451 (1990); see

 also Johnson, 265 N.C. App. at 88, 827 S.E.2d at 141 (“[O]ur Courts have held it is

 improper during sentencing for a trial judge to consider a defendant’s refusal to

 accept a plea offer.”).

 Where it can reasonably be inferred from the language of
 the trial judge that the sentence was imposed at least in
 part because [the] defendant did not agree to a plea offer
 by the state and insisted on a trial by jury, [the] defendant's
 constitutional right to trial by jury has been abridged, and
 a new sentencing hearing must result.

 State v. Tice, 191 N.C. App. 506, 511–12, 664 S.E.2d 368, 372 (2008) (quoting State v.

 Cannon, 326 N.C. 37, 39, 387 S.E.2d 450, 451 (1990)).

¶ 26 “The trial de novo represents a completely fresh determination of guilt or

 innocence.” State v. Butts, 22 N.C. App. 504, 506, 206 S.E.2d 806, 808 (1974) (quoting

 Colten v. Kentucky, 407 U.S. 104, 117 (1972)).
 STATE V. GUERRERO

 2021-NCCOA-457

 Opinion of the Court

 [U]nless it affirmatively appears that a second sentence
 has been increased to penalize a defendant for exercising
 rights accorded him by the constitution, a statute, or
 judicial decision, a longer sentence does not impose an
 unreasonable condition upon the exercise of those rights
 nor does it deprive him of due process. The presumption is
 that the judge has acted with the proper motive and that
 he has not violated his oath of office.

 State v. Stafford, 274 N.C. 519, 531, 164 S.E.2d 371, 380 (1968). “The burden is on

 the defendant to overcome the presumption that a court acted with proper motivation

 in imposing a more severe sentence.” State v. Daughtry, 61 N.C. App. 320, 324, 300

 S.E.2d 719, 721 (1983).

¶ 27 As to Defendant’s first argument, Defendant’s Level Five punishment fit

 within the statutory limit and is “presumed regular and valid.” N.C. Gen. Stat. § 20-

 179(k) (2019); Johnson, 320 N.C. at 753, 360 S.E.2d at 681. Defendant has not

 overcome the “presumption of regularity” by showing that “the court considered

 irrelevant and improper matter[s] in determining the severity of the sentence.” Id.,

 360 S.E.2d at 681. The trial judge did reference a chambers conversation where he

 stated he would give Defendant the same punishment as the district court judge if

 Defendant “want[ed] to accept responsibility and move forward.” However, the judge

 went on to say the following in the sentencing hearing: “[n]ow, one of the things about

 at the superior court level, my job is not to punish you because you didn’t take an

 offer. That’s not what it’s about. My job is to be fair and impartial, as I’m always
 STATE V. GUERRERO

 2021-NCCOA-457

 Opinion of the Court

 going to be.” It cannot be reasonably “inferred from the language of the trial judge

 that the sentence was imposed at least in part because defendant did not agree to a

 plea offer.” Tice, 191 N.C. App. at 511–12, 664 S.E.2d at 372 (citation omitted).

¶ 28 Further, the judge stated:

 This was not an accident . . . I saw the video. I heard what
 the man said. When you hit his car, he went down the
 embankment. You’re lucky you didn’t kill somebody. See
 that’s what I think is missing here. You think it’s just an
 accident . . . it might have appeared like an accident, but
 you could have killed somebody. That’s no joke. So slight
 impairment, substance abuse assessment, safe driving
 record, polite and cooperative, you could have killed that
 man. He went down an embankment. You could have
 killed him. You could have killed yourself.

 Taking “into account the seriousness of” the impaired driving offense is within the

 judge’s discretion during sentencing. Johnson, 265 N.C. App. at 88, 827 S.E.2d at

 141. Defendant has not met his burden to overcome the presumption “that the judge

 has acted with the proper motive and that he has not violated his oath of office.”

 Stafford, 274 N.C. at 531, 164 S.E.2d at 380.

¶ 29 Defendant’s second argument also fails. Defendant did not assert his Fifth

 Amendment privilege or object when the judge questioned him about his previous

 drug use. Defendant had counsel present, but Defendant did not ask to speak with

 his attorney nor did he conference with counsel. Defendant waived his Fifth

 Amendment argument for appeal. Smith, 300 N.C. at 82, 265 S.E.2d at 171.
 STATE V. GUERRERO

 2021-NCCOA-457

 Opinion of the Court

 III. Conclusion

¶ 30 We conclude that Defendant received a fair trial, free from reversible error.

 NO ERROR.

 Judges MURPHY and ARROWOOD concur.